OPINION
Pursuant to R.C. 2505.02, defendant-appellant, Steve Rainer, appeals the September 2, 1998 order of the trial court compelling Harding Hospital and Dr. George Borelli to produce medical records to plaintiff-appellee, National City Bank. For the reasons that follow, we affirm.
On September 10, 1997, appellee filed a complaint against appellant alleging two claims for breach of credit card agreements arising out of appellant's failure to make payments on his Visa and Mastercard accounts. On October 9, 1997, appellant filed an answer denying the material allegations of the complaint and asserting three counterclaims against appellee. In particular, appellant alleged a negligent infliction of emotional distress claim, an intentional infliction of emotional distress claim, and a claim based upon violations of R.C. 2917.21
(telephone harassment). All three claims were premised upon the factual allegation that appellee and its agents constantly made harassing telephone calls to appellant in its attempt to collect the alleged debt. In each of his claims, appellant alleged that appellee's conduct resulted in severe and extreme emotional harm and distress.
On August 3, 1998, counsel for appellee deposed appellant. During this deposition, appellant testified that he 1 received the allegedly harassing telephone calls in January 1997. Appellant further testified that these calls caused him to seek additional treatment from a psychiatrist (Dr. Jim Youngman, associated with Harding Hospital) and a psychologist (Dr. George Borelli), both of whom he had seen in 1996 due to the emotional distress caused by his unemployment and resulting financial condition. Appellant testified that he informed both doctors that he was emotionally distressed in part because of the telephone calls from appellee.
Thereafter, appellee served subpoenas on Harding Hospital and Dr. Borelli seeking the production of "[a]ny and all records, reports, charts, medical histories and office notes pertaining to the treatment of" appellant. By letter dated August 17, 1998, appellant's counsel informed appellee that he objected to the subpoenas, stating that he had not yet decided whether to use any testimony from the doctors, and "that being the case, [appellant] has not waived his medical privilege here." By letter dated August 18, 1998, Harding Hospital informed appellee that under R.C. 5122.31, it would release the records only upon written consent of the appellant or a court order.
On August 21, 1998, appellee filed a motion to compel the production of the medical records. On August 31, 1998, appellant filed a motion for protective order prohibiting the appellee from deposing any psychologist or psychiatrist who had treated the appellant and prohibiting the production of medical records from such persons. On the same date, appellant filed his memorandum contra to appellee's motion to compel. In these filings, appellant reiterated his contention that he had not waived his medical privilege and that "if [appellant] himself wishes to present this medical testimony THEN AND ONLY THEN CAN THE PLAINTIFF RECEIVE PRODUCTION OF DOCUMENTS AND DEPOSE THESE MEDICAL WITNESSES." (Emphasis sic.) (Defendant's Memo Contra, p. 3.)
On September 2, 1998, the trial court issued its order finding that appellee's motion to compel was well-taken. The trial court ordered Harding Hospital and Dr. Borelli to comply with the subpoenas and to produce the medical records of appellant. Pursuant to R.C. 2505.02, appellant timely appealed the trial court's order, raising the following two assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN WAIVING THE PHYSICIAN/PATIENT PRIVILEGE OF APPELLANT RAINER BY ORDERING THAT THE MEDICAL RECORDS OF HIS PSYCHOLOGIST SHOULD BE PRODUCED FOR THE APPELLEE AND THAT THE APPELLEE COULD DEPOSE THE PSYCHOLOGIST.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO NARROW AND LIMIT THE SCOPE OF THE DISCOVERY ORDER WAIVING APPELLANT'S PHYSICIAN/PATIENT PRIVILEGE.
In his first assignment of error, appellant challenges the trial court's determination that appellant waived the physician-patient privilege. In so doing, appellant raises two contentions. First, appellant contends that since he did not initiate the filing of the civil action in this case, he should not be deemed to have voluntarily waived the physician-patient privilege. According to appellant, the "filing of a strictly defensive (by nature) counterclaim should not be construed to be the filing of a `civil action' pursuant to O.R.C. 2317.02 so as to automatically waive physician/patient privilege." Second, appellant contends that since he is not required to present expert medical testimony to prove his emotional distress damages, he should not be deemed to have waived his privilege unless or until he decides to present such medical testimony to the jury. We find, however, that neither of appellant's contentions can be supported under application of R.C. 2317.02(B).
In Ohio, the physician-patient privilege and any waiver of that privilege is governed by R.C. 2317.02(B). In re Miller
(1992), 63 Ohio St.3d 99, 109. Under this statute, a physician is generally precluded from testifying concerning a communication made by the patient to the physician or the physician's advice to the patient. R.C. 2317.02(B)(1). However, the privilege does not apply in several circumstances. Relevant to this case, the privilege does not apply "[i]f a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section2305.11 of the Revised Code, an action for wrongful death, anyother type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative." (Emphasis added.) R.C.2317.02(B)(1)(a)(iii). Under such circumstance, "a physician *** may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician *** by the patient in question in that relation, or the physician's *** advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code." R.C. 2317.02(B)(3)(a).
Under the statute, the filing of any civil action waives the physician-patient privilege as to any communication that relates causally or historically to the physical or mental injuries put at issue by such civil action. See, generally, Wardv. Johnson's Industrial Caterers (June 25, 1998), Franklin App. No. 97APE11-1531, unreported (1998 Opinions 2305); Hollis v.Finger (1990), 69 Ohio App.3d 286, 294. The rationale for this "compulsory waiver" rule is that "if the physical condition of a patient was at issue in a case, it would be a `burlesque upon logic to allow the patient (or the patient's representative) to claim the privilege.'" Hollis, supra, (quoting Wade, the Ohio Physician-Patient Privilege: Modified, Revised, and Defined [1989], 49 Ohio St.L.J. 1147, 1156). Thus, the waiver applies whenever the patient places his physical or mental condition at issue, either by way of a complaint or by way of a counterclaim. See Asbrock v. Brown (Aug. 18, 1997), Warren App. No. CA 97-01-002, unreported 1997 Ohio App. LEXIS 3655 ("counterclaim filed against appellant operated as a waiver of the physician-patient privilege"). Accordingly, appellant's counterclaims filed in this case seeking recovery for emotional distress injuries allegedly caused by appellee's conduct constituted a waiver of the physician-patient privilege as to such conditions.
Similarly, appellant's contention that the physician-patient privilege is waived only if and when he decides to rely on and present the testimony of the psychiatrist or psychologist is equally untenable. As noted above, the present version of R.C. 2317.02(B) makes waiver of the privilege compulsory upon the filing of a claim placing the medical condition of the patient at issue. Hollis, supra; see, also,Hayes v. Cleveland Pneumatic Co. (1993), 92 Ohio App.3d 36, 44-45
(noting the distinction between the pre-1988 version of the statute and the post-1988 version). Thus, "discovery may be had of medical records that relate causally or historically to physical or mental injuries that are relevant to the issues in this case." Ward, supra, at 2313.
We find, therefore, that the trial court did not err in finding that appellant waived the physician-patient privilege by filing his counterclaims seeking recovery for emotional distress damages. Appellant's first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant contends that the trial court's order was overbroad and should have been more narrowly drafted so as to ensure that only records "causally or historically" related to the claims in question would be produced. Appellant argues that the trial court "was extremely insensitive to protecting the privilege of the appellant and ignored the fact that irrelevant information which pre-dated the acts complained of might also be released to the appellee." In particular, appellant suggests that the trial court could have: (1) ordered any deposition of appellant's psychologist to be sealed; (2) issued a protective order preventing the disclosure of medical records to anyone other than appellee's counsel; (3) performed an in camera inspection of the records to determine their relevance to the issues in the case; or (4) excluded records or information pre-dating the events in question.
Certainly, the trial court could have done some, if not all, of the things suggested by appellant on appeal. However, appellant never requested the trial court to do any of those things. At the trial court, appellant only argued that he had not waived the physician-patient privilege, and that as such, none of the medical records should be produced. Appellant did not argue, in the alternative, that some of the records were not causally or historically related to the claims at issue, nor did he request anin camera inspection of the medical records. Appellant's failure in this regard prevents a finding from this court that the trial court erred in failing to grant the relief suggested here on appeal. See Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207,210 ("[T]he fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected."); cf. Ward, supra, at 11-13 (trial court erred in ordering plaintiff to execute a general medical records release when plaintiff specifically requested an in camera inspection to ascertain what records were causally or historically related to the claims at issue). Accordingly, we do not find that the trial court erred regarding the breadth of its discovery order here. Appellant's second assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's two assignments of error are overruled, and we affirm the decision of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and TYACK, JJ., concur.