OPINION
This appeal arises out of an arbitration involving unpaid architectural fees and construction delays related to the design and construction of a multi-family apartment building in Athens, Ohio. Plaintiff-appellant, Sami I. Michael, M.D., appeals from the September 25, 1998 judgment of the Franklin County Court of Common Pleas confirming defendant-appellee, Laszlo Koe-Krompecher's motion to confirm the award of the American Arbitration Association ("AAA"), and denying appellant's motion to vacate the award. For the reasons that follow, we affirm the judgment of the trial court.
On March 18, 1997, appellee demanded contractual arbitration for unpaid architectural fees. In response to the April 7, 1997 notice of arbitration issued by the AAA, appellant filed an arbitration counterclaim on April 17, 1997, alleging that appellee missed deadlines and otherwise committed improprieties in connection with the project. On July 17, 1997, the AAA appointed an arbitrator who scheduled the arbitration to take place on January 28, 1998. The arbitration was rescheduled for March 23, 1998 at the request of appellant and again rescheduled for April 1, 1998 due to a scheduling mix-up.
The parties conducted voluntary discovery through March 17, 1998, taking depositions and exchanging thousands of pages of documents. In early February 1998, several of appellant's witnesses testified in a manner detrimental to appellant. The witnesses' testimony did not support the claims of appellant, and one witness blamed one hundred percent of the project problems on appellant. Consequently, appellant sought to depose several inspectors who worked for the state of Ohio. Appellant encountered difficulty attempting to schedule the depositions with the assistant attorney general representing the state witnesses. Due to scheduling difficulties, the depositions did not go forward except for one deposition that was partially completed on March 17, 1998.
On March 17, 1998, counsel for appellee wrote to counsel for appellant offering the dates of March 18, 19, 20, 23 and 24 to complete the depositions. Appellant refused to schedule the depositions until after April 1, 1998, because his client's representative was unavailable. On March 18, 1998, appellant wrote to the AAA requesting a three-month continuance. Appellee opposed the request for a continuance and, on March 23, 1998, the arbitrator denied the request. On March 31, 1998, appellant submitted a motion for reconsideration that was opposed by appellee.
On April 1, 1998, the arbitrator heard argument on the motion for reconsideration. Appellant took the position that if a continuance was not granted, appellant would not participate in the hearing. The arbitrator proposed that they begin the arbitration that day, subject to a continuance to allow for the depositions:
 I don't want to restrict you getting in anything to support your case. If it's all right with you, we'll continue to work with you getting your depositions or whatever, but I think we'll move forward. Like I said this morning on the phone, it's even been over a year. (Arbitration Tr. 15.)
The arbitrator also proposed that if the parties could agree upon a final schedule for the depositions and the arbitration, he would be willing to acquiesce to the continuance. (Arbitration Tr. 25.) Appellee was unwilling to agree to any further continuance, and appellant was unwilling to go forward with the arbitration without a continuance. The arbitrator denied the motion for a continuance. Appellant's counsel refused to participate further and left the hearing.
The arbitration went forward without appellant. Appellee testified and presented selected deposition excerpts. On April 8, 1998, the arbitrator awarded appellee $104,737.02 and denied appellant's counterclaim.
Appellant moved to vacate the award pursuant to R.C. 2711.10. Appellant alleged that he had been denied due process and that the arbitrator's refusal to grant a continuance constituted misconduct under R.C. 2711.10. Appellee filed a motion to confirm the award pursuant to R.C. 2711.13.
On June 29, 1998, the trial court conducted a hearing. Appellant's witnesses testified they were surprised when employees and subcontractors supported appellee's position. Consequently, appellant sought a continuance to depose state employees who might support his position. Appellant presented evidence that he encountered difficulty in scheduling those depositions.
On September 25, 1998, the trial court denied the motion to vacate and confirmed the arbitration award. Appellant appealed, assigning as error the following:
 1. The trial court erred in denying appellant's motion to vacate the arbitration award under R.C. 2711.13 and 2711.10(C).
 2. The trial court erred in granting appellee's motion to confirm the arbitration award under R.C. 2711.09.
Judicial intervention in the area of arbitration and arbitration awards is limited. R.C. 2711.10(C) provides that a court of common pleas may vacate an arbitration award upon an application of one of the parties if: "[t]he arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." On appeal, our standard of review is limited to an evaluation of the confirmation order of the common pleas court without review of the substantive merits of the award in the absence of material mistake or extensive impropriety. Brumm v. McDonald Co.Securities, Inc. (1992), 78 Ohio App.3d 96.
Appellant's assignments of error are interrelated and will be addressed together. Appellant makes two arguments in support of his contention that the arbitrator engaged in misconduct. First, appellant claims the arbitrator's failure to grant a continuance constitutes statutory misconduct under R.C. 2711.10(C). Second, appellant contends the arbitrator abused his discretion in permitting appellee to prove his case by the introduction of discovery deposition excerpts.
In his first argument, appellant contends the arbitrator abused his discretion in not granting a continuance after appellant showed good cause for a postponement. Appellant argues that he was surprised by the testimony of several witnesses who failed to support appellant's position. Appellant claims that he then diligently tried to depose a number of state employees, but through no fault of his own, was thwarted in the attempt.
The decision to grant or deny a continuance is largely discretionary. Thus, appellant must demonstrate that in light of the information presented to the arbitrator, the arbitrator abused his discretion in denying the requested continuance. Vet-O-Vitz Masonry Systems, Inc. v. SchnabelAssociates, Inc. (Aug. 25, 1988), Cuyahoga App. No. 54261, unreported. Without a conclusive showing of inequitable and unavoidable hardship, an arbitrator is within his or her discretionary bounds in denying a request for a continuance. Id.
We agree with the trial court that the record does not establish that the arbitrator was guilty of misconduct in refusing to postpone the hearing. Appellant had already been granted one continuance. The surprise testimony necessitating depositions of the state employees consisted of appellant's own sub-contractors testifying that appellant was to blame for delays in the project. Although appellant's sub-contractors were not deposed until February 11, 1998, appellant's claim that appellee was to blame for construction delays had been pending since April of 1997. Appellant has given no reason why he could not have spoken to his own sub-contractors at an earlier date to determine their opinions.
Between February 11, 1998, and the hearing date of April 1, 1998, appellant did make efforts to depose additional witnesses. However, appellant also rejected five proposed deposition dates between the March 18, 1998 continuance request and the April 1, 1998 hearing.
The arbitrator even offered to continue to work with appellant to schedule the depositions provided they started the hearing on April 1, 1998. However, appellant was not ready to go forward. Appellant did not know if the state employees' testimony would be favorable to his position. Appellant's construction superintendent explained that at the time that the arbitration hearing was scheduled, he and appellant "were the only two people that supported our position." (Tr.10.)
Under these circumstances, appellant failed to make a conclusive showing of inequitable and unavoidable hardship. The arbitrator did not abuse his discretion in denying the continuance.
Appellant also objects to the use of deposition excerpts during the arbitration hearing. Appellant did not raise this issue before the trial court and raises this argument for the first time on appeal. In general, an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected.Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210;Cleveland Police Patrolmen's Assn. v. Cleveland (1995),107 Ohio App.3d 248, 255.
Appellant also waived this argument by failing to participate and object to the admission of evidence at the arbitration. As discussed above, after denial of the request for a continuance, appellant refused to participate further in the arbitration.
R-31 of the AAA Construction Industry Rules sets forth the general rule for admission or exclusion of evidence. That rule provides in pertinent part:
 The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. * * *
 The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may * * * reject evidence deemed by the arbitrator to be cumulative, unreliable, unnecessary, or of slight value compared to the time and expense involved. * * *
By waiving his presence and failing to object to the admission of the deposition excerpts, appellant waived any objection to the decision of the arbitrator to consider the excerpts. The argument is not well-taken.
Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.