JOURNAL ENTRY AND OPINION
Mother-appellant, Clarice Vactor, appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, which granted permanent custody of her child, Destiny Vactor, to the Cuyahoga County Department of Children and Family Services. For the reasons that follow, we affirm.
A review of the record reveals that appellant gave birth to Destiny on July 2, 1999. The child was two months premature and required a stay in the neonatal intensive care unit. Because appellant was incarcerated[1]
at the time of Destiny's birth, hospital personnel contacted the Cuyahoga County Department of Children and Family Services (CCDCFS) regarding placement of the infant upon discharge. In accordance with R.C. 2151.31(D), emergency custody was awarded to CCDCFS on July 12, 1999 and arrangements were made for Destiny's placement in a foster home.
Appellant attended the probable cause hearing held three days later wherein the magistrate determined that probable cause existed for the emergency order and that there were no suitable relatives to care for the child pending the hearing on the complaint for permanent custody contemporaneously filed by CCDCFS. The trial court appointed Thomas Konet as guardian ad litem.
An adjudicatory hearing was held on October 5, 1999. Appellant, though duly notified, did not appear. CCDCFS Social worker, Susan Tabell testified that she had been involved with Destiny's family for approximately two years and that appellant had exhibited minimal follow through with the agency's recommendations regarding three other children of appellant, who are presently placed in foster care. Indeed, a motion for permanent custody was pending at the time of the hearing. Appellant, inter alia, was to complete a ten-week parenting class and to provide the agency with proof of housing.[2] She did not complete any of the tasks requested of her. Ms. Tabell further testified that a psychological evaluation revealed that appellant was unable to care for her children on a daily basis and that appellant was immature, childish, unable to take responsibility for her own actions, and unable to provide for the children's emotional needs.
Guardian ad litem Thomas Konet testified that appellant's history with regard to her other children is horrendous and that she has failed to comply with a relatively uncomplicated case plan. He, therefore, recommended that permanent custody be granted. The trial court adjudicated Destiny to be a neglected child and granted permanent custody to CCDCFS in its entry journalized November 2, 1999.
Appellant now appeals and assigns five errors for our review. Her first two assignments of error are closely related and will be discussed together. Succinctly, appellant claims it was error for the trial court to award permanent custody of Destiny so soon after her birth without determining whether CCDCFS made reasonable efforts to reunify appellant with the child. The agency, on the other hand, maintains that the trial court acted within its authority when it awarded permanent custody to the agency and that its failure to make findings of fact regarding the reasonable efforts at reunification, if error, is harmless.
The relevant provisions of R.C. 2151.414(B) provide that permanent custody may be awarded to an agency if the trial court determines by clear and convincing evidence that it is in the child's best interest and the child cannot or should not be placed with either of the child's parents within a reasonable time.
Appellant claims that the trial court focused on appellant's relationship and interaction with her other children in deciding to award permanent custody to CCDCFS. Relying on In re Hiatt (1993),86 Ohio App.3d 716, appellant argues that the trial court was to independently determine whether permanent custody was appropriate for Destiny without reliance on her history with the agency as it pertains to her other children.
Appellant is correct that a court must make an independent determination with regard to permanent custody of more than one child in a multi-child family. Hiatt, 86 Ohio App.3d at 725. Nonetheless, while Hiattheld that the court must consider evidence and statutory criteria separately for each child in such a proceeding, it also stated:
 * * * this should not be construed to require courts to consider permanent custody decisions in vacuum, i.e., how a parent mistreats another child in the household can be very relevant to the permanent custody determination of a child that is not mistreated in the same manner.
Thus, it was not error for the court to consider appellant's interactions, or lack thereof, with her other children in determining whether permanent custody was in Destiny's best interests. See, also, In re Williams (Feb. 10, 2000), Cuyahoga App. No. 74921, unreported at 10-16.
Appellant also contends that the relatively short interval between Destiny's birth and the filing of the agency's motion for permanent custody supports that the agency had no intention of making reasonable efforts to reunify Destiny with appellant in accordance with R.C. 2151.419.
This statutory provision is applicable to dispositional hearings and requires the trial court to determine if the agency has made reasonable efforts to eliminate the continued removal of the child from his or her home. R.C. 2151.419(A). It is the agency who has the burden of proving whether it has made those reasonable efforts. Id. Once the decision is made, R.C. 2151.419(B) provides that the court shall issue written findings of fact describing the services provided and why those services did not prevent the removal of the child from the home.
Appellant claims that the trial court's failure to issue written findings of facts is reversible error. Inits entry, the trial court made no express findings as contemplated under the statute. Failure to file written findings of fact and conclusions of law, however, has not been held to be reversible error where the record is replete with its reasons for granting permanent custody. In re Pieper Children (1993),85 Ohio App.3d 318; In re Hauserman (Feb. 3, 2000), Cuyahoga App. No. 75831, unreported at 18-19; see, also, In re Fountain (Feb. 24, 2000), Cuyahoga App. No. 76650, unreported.
A reviewing court will not reverse a judgment granting permanent custody unless it finds that the trial court acted in a manner that was arbitrary, unreasonable, or capricious. In re Awkal (1994),95 Ohio App.3d 309, 316; In re Gabriel, (Feb. 26, 1998), Cuyahoga App. No. 72374, unreported at 5. Here, the record is replete with the agency's efforts at implementing its case plan and appellant's lack of compliance with that plan as it relates to her other children. Thus, it cannot be said that the trial court abused its discretion in awarding permanent custody to CCDCFS.
Appellant's first and second assignments of error are not well taken and are overruled.
In her third assignment of error, appellant contends that the trial court erred when it did not investigate custody with other family members before awarding permanent custody to CCDCFS. Appellant relies on R.C.2151.412(G) for the proposition that permanent custody can only be awarded upon a finding that a parent or parents are unable to care for the child and that there are no suitable relative to do likewise.
R.C. 2151.412 governs an agency's case plan requirements for the children it services. Included in subdivision (G) is a list of priorities for the agency and the court to consider when reviewing such a plan. This statutory provision is inapplicable, however, to the court's determination of whether to award permanent custody to an agency. See Hiatt, 86 Ohio App.3d at 722. Consequently, it was not error for the trial court to investigate placement with relatives before awarding permanent custody.
Appellant's third assignment of error is not well taken and is overruled.
In her fourth assignment of error, appellant argues that it was error for the trial court to consider the written report of the guardian ad litem, which was submitted after the hearing. Succinctly, appellant contends that R.C. 2151.414(C) requires that [a] written report of the guardian ad litem of the child shall be submitted to the court prior to at the time of the hearing * * *.
This Court has previously held that a guardian ad litem's failure to submit a written report is error. In re Breslav (Apr. 13, 2000), Cuyahoga App. No. 75468, unreported at 20. The error is deemed waived, however, if it is not objected to or otherwise brought to the attention of the trial court. Id. No such objection was made. See, also, In re Hauserman (Feb. 3, 2000), Cuyahoga App. No. 75831, unreported at 24.
Moreover, appellant did not establish in what manner she was prejudiced from the failure of the guardian ad litem to submit a timely written report. When a parent cannot establish any prejudice arising from the misfeasance, or nonfeasance, of a guardian ad litem, it is harmless error. Id. Consequently, though it was error for the guardian not to submit a timely written report, any error is either harmless or waived.
Appellant's fourth assignment of error is not well taken and is overruled.
In her fifth assignment of error, appellant contends that the trial court erred in permitting the social worker to discuss appellant's criminal background without submitting certified copies of any judgment that would support appellant's alleged convictions. In particular, appellant argues that it was error for the social worker to testify as to appellant's prior convictions for theft without supporting that testimony with certified journal entries of these convictions.
Appellant's assignment of error is without merit. A reviewing court need not consider as error something which appellant could have called, but did not call, to the attention of the trial court when such error could have been avoided. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207. It was appellant who chose not to attend the hearing wherein she could have objected to such testimony. Her failure to do so constitutes a waiver of any claimed error. Moreover, we decline to find plain error because there is no reason to conclude that the outcome would have been different absent this testimony.
Appellant's fifth assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directi ng the Court of Common Pleas, Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. PATRICIA A. BLACKMON, J., CONCUR.
 ___________________________________ JOHN T. PATTON, PRESIDING JUDGE
[1] A review of the record reveals that mother was incarcerated for burglary and theft.
[2] Mail from CCDCFS repeatedly came back as addressee unknown leading the agency to believe that appellant did not live at that address. When the social worker was there after a scheduled visitation with appellant's three other children, the children were merely put into another vehicle without entering the house.