OPINION
Defendant-appellant Joseph Todd Muller appeals the August 3, 1999 Judgment Entry of the Knox County Court of Common Pleas, Juvenile Division, which denied his application for expungement. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
In August of 1986, the trial court adjudicated appellant a juvenile delinquent and found appellant committed four separate sex offenses against four victims. At the time of the adjudications, appellant was fourteen years old. In an Order dated January 28, 1987, the trial court placed appellant on probation on the condition he participate in mental health counseling. On March 10, 1988, the trial court released appellant from probation. On February 17, 1999, appellant filed an Application for Expungement of the Record with the Knox County Juvenile Court. Appellee opposed the expungement along with the Knox County Department of Human Services, which intervened as a party. The trial court held a hearing on the matter on July 7, 1999. Jeff D. Sherrill, Ph.D., a psychologist hired by appellant, was the first to testify. Dr. Sherrill testified he had worked with appellant since February of 1999. Appellant sought out Dr. Sherrill for an evaluation for pedophilia, at the request of Franklin County Children Services. Dr. Sherrill testified he evaluated appellant for approximately four hours, using interview techniques and administering an MMPI. Dr. Sherrill noted appellant did not cooperate with his court ordered mental health counseling at the time of his probation. However, Dr. Sherrill suggested this behavior was completely normal under the circumstances. Dr. Sherrill found no indication appellant was a pedophile. On cross examination, Dr. Sherrill explained there was no definitive test for pedophilia. Therefore, his opinion was based upon appellant's representations to him. Further, Dr. Sherill noted appellant may have an alcohol problem in light of appellant's recent conviction for OMVI. Appellant also testified on his own behalf. With regard to the previous adjudication of delinquency, appellant admitted he had oral sex with one of the ten year old victims, but denied any sexual involvement with the remaining complainants. Appellant also admitted to three convictions for OMVI and one conviction for possession of cocaine. Each of the offenses occurred within the ten years preceding the hearing. In an August 3, 1999 Judgment Entry, the trial court denied appellant's application for expungement of his record. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE LOWER COURT ERRED IN DENYING APPELLANT'S APPLICATION FOR EXPUNGEMENT OR SEALING IN THAT APPELLANT WAS ENTITLED TO EXPUNGEMENT OR SEALING AS A MATTER OF LAW.
 II. THE LOWER COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S APPLICATION FOR EXPUNGEMENT AND SEALING.
 I
In appellant's first assignment of error, he maintains he was entitled to an expungement as a matter of law. We disagree. Appellant makes two arguments within this assignment of error. First, appellant maintains because he was "dismissed" from probation, R.C. 2151.358(F) requires the trial court to order an expungement of the record in that case. Second, appellant maintains because the trial court failed to seal the record on its own or, in the alternative, send notice to appellant with an explanation of how to apply for a sealing within a two year period, the trial court is now required to seal the record. An appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207. Because appellant failed to raise either of these claimed errors below, each is deemed waived. Appellant's first assignment of error is overruled.
 II
In his second assignment, appellant maintains the trial court abused its discretion in denying appellant's application for sealing and/or expungement because the evidence presented at the hearing was overwhelmingly in favor of such a result. We disagree. Appellant acknowledges the standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. As stated in the well reasoned judgment of the trial court: After considering the evidence, testimony and arguments in this matter, the Court is persuaded by the position of the Department of Human Services that the Court should conduct a balancing test to weigh the interest of Mr. Muller in having the official records pertaining to his case sealed against the legitimate needs, if any, of the government to maintain these records. This Court believes that Children Service agencies have a duty to protect children and therefore have a legitimate need to share information in their files. By Mr. Muller's own testimony his juvenile conviction has never prevented him from obtaining a job or caused him any other significant problem.
In the instant situation Mr. Muller was convicted at age 14 of engaging in or attempting to engage in sexual conduct with four different children under the age of 13. He committed a crime involving children who were 3 to 7 years younger than himself. These facts should trigger an appropriate inquiry if Mr. Muller wants to be a foster parent or to adopt a child. These facts, since they occurred many years ago and because Mr. Muller appears to have substantial professional testimony indicating he is not a risk to sexually offend anyone, should not automatically preclude him from being a foster parent, adoptive parent or be involved in some other relationship with children. However, this Court believes these facts need to remain part of the record in order to trigger such an appropriate inquiry. For example this is information that an agency or a Court should have available if a determination needs to be made whether Mr. Muller or some other person is more qualified to serve as foster parent. Such an inquiry serves a legitimate governmental interest of children service agencies and outweighs any personal concern Mr. Muller voiced during this hearing.
Journal Entry at 2.
It is clear the trial court weighed the evidence presented at the hearing and found the legitimate governmental interest in maintaining appellant's juvenile records out weighed the personal concerns expressed by appellant in the hearing. We find no abuse of discretion. Appellant's second assignment of error is overruled.
The August 3, 1999 Judgment Entry of the Knox County Court of Common Pleas, Juvenile Division is affirmed.
 _____________________ Hoffman, P.J.
Edwards, J. and Milligan, V.J. concur