OPINION
On March 31, 1993, appellant, Robert Owens, and appellee, Betty Owens, were married. On September 9, 1998, the parties filed a petition for dissolution along with a separation agreement. The parties were granted a dissolution on October 15, 1998. On March 19, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant claimed a mistake had been made because no disposition was made as to property purchased during the marriage but deeded to appellee. A hearing before a magistrate was held on December 3, 1999. By decision filed January 24, 2000, the magistrate found appellant failed to prove mistake, inadvertence or neglect and therefore recommended denial of appellant's Civ.R. 60(B) motion. By judgment entry filed February 28, 2000, the trial court approved and adopted the magistrate's decision. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE MAGISTRATE AND COMMON PLEAS JUDGE WERE WRONG NOT TO SUSTAIN THE APPELLATE'S MOTION FOR 60(B).
 I
Appellant claims the trial court erred in denying his Civ.R. 60(B) motion. At the outset, we note we are unable to address the merits of appellant's arguments due to his failure to file objections to the magistrate's decision. Civ.R. 53(E)(3)(a) provides that a party may file objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." According to the clear language of Civ.R. 53(E)(3)(b), appellee's failure to file objections to the magistrate's decision constitutes a waiver of any alleged error. See, Stamatakis, et al. v. Robinson (January 27, 1997), Stark App. No. 1996CA00303, unreported. As stated by this court in Stamatakis: This result is in accord with the general rule that an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207.
Because appellant did not object to the magistrate's decision, he accepted the magistrate's findings of fact as adopted by the trial court. At Finding No. 7, the magistrate found the following: Petitioner, Robert Owens failed to prove that there was a mistake inadvertence or neglect in the preparation of the Separation Agreement. He admitted that he told the Judge at the dissolution hearing that the property was hers [appellee's].
As noted by the magistrate, appellant's Civ.R. 60(B) motion was not based on newly discovered evidence that arose after the dissolution was granted. Further, appellant did not show any evidence of fraud by appellee in preparation of the separation agreement. Upon review, we find the trial court did not err in denying appellant's Civ.R. 60(B) motion.
The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Reader, V.J. concur.