This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Robert Widman appeals the order of the Lorain County Court of Common Pleas convicting him of nonsupport of dependants. This Court affirms.
 I.
In 1998, the Lorain County Department of Human Services/Child Support Agency motioned for contempt against Widman for failure to meet his support obligation for his minor son. A warrant for Widman's arrest was issued pursuant to the motion for contempt.
Widman was arrested on the warrant on July 26, 1999. The following day a hearing was held on the motion for contempt. Widman was found to be in contempt of the court's child support order. Widman was ordered to serve sixty days in jail and pay court costs. On July 28, 1999, Widman was released after a payment was made against his child support arrearage.
On July 14, 1999, the Lorain County Grand Jury indicted Widman for one count of nonsupport of dependents, in violation of R.C. 2919.21(B). On January 20, 2000, Widman filed a motion to dismiss the indictment, alleging it was barred by the doctrine of res judicata. On March 30, 2000, the trial court denied Widman's motion to dismiss.
On May 22, 2000, Widman changed his plea of not guilty and pled no contest to the charge. Thereafter, the trial court entered a judgment of conviction on the one count of nonsupport of dependents.
Widman now appeals, asserting one assignment of error.
 II.
ASSIGNMENT OF ERROR
 The trial court erred, and to the prejudice of appellant, by overruling his motion to dismiss the indictment on the ground that this prosecution is barred by the doctrine of res judicata.
 In his sole assignment of error, Widman claims that his indictment and conviction for nonsupport of dependents was barred by the doctrine of res judicata
since he was previously found in contempt of court for failing to meet his child support obligations. This Court disagrees.
In State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Ohio Supreme Court articulated the parameters of the doctrine of res judicata:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
 (Emphasis in original.) By the plain language of Perry, the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal. See, e.g., State v. Thrower (July 31, 1991), Summit App. No. 14967, unreported, appeal not allowed (1991), 62 Ohio St.3d 1434
(holding that where defendant appealed from the denial of a postconviction motion, his attempt to relitigate issues arising from his original criminal trial and convictions was barred by the doctrine of res judicata.). The specific parameters of Perry do not extend to using the doctrine as a shield against allegedly redundant convictions. Accordingly, the trial court properly denied Widman's claim that his conviction was barred by res judicata.
Since Widman only moved below to dismiss his indictment and conviction based on the doctrine of res judicata, he has waived any other arguments. See Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207,210; State v. Lugo (Mar. 1, 2000), Lorain App. No. 99CA007340, unreported. This Court need only review the solitary claim of resjudicata raised by Widman below and on appeal.
Widman's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P.J., WHITMORE, J. CONCUR