OPINION
Appellant Charles Utter d.b.a. C B Trucking ("Utter") appeals the decision of the Zanesville Municipal Court that granted judgment, on behalf of Appellee Lucas Truck Sales, Inc. ("Lucas Truck"), in the amount of $2,103.58. The following facts give rise to this appeal.
On August 4, 1999, Appellant Utter talked to a service manager, at Appellee Lucas Truck, about repair work on a 1994 Volvo truck owned by Appellant Utter. A third-party delivered the truck, to Appellee Lucas Truck, for the needed repairs. Appellee Lucas Truck performed the requested repairs and billed Appellant Utter in the amount of $2,303.58. Appellant Utter did not pay for the repairs.
Thereafter, on May 29, 2000, Appellee Lucas Truck filed a complaint, in the Small Claims Division of the Zanesville Municipal Court seeking payment for outstanding repair order number 33699. This matter proceeded to trial on June 8, 2000.[1] On July 6, 2000, the trial court rendered judgment in favor of Appellee Lucas Truck in the amount of $2,103.58 plus court costs.
Appellant Utter timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING JUDGMENT TO THE PLAINTIFF/APPELLEE, WHERE NO EVIDENCE IS PRESENTED AT TRIAL AS TO THE REASONABLE VALUE OF THE SERVICES PROVIDED WHERE NO EXPRESS CONTRACT EXISTS, BUT INSTEAD THE JUDGMENT IS RENDERED ON THE BASIS OF QUANTUM MERUIT.
 I
Appellant Utter maintains, in his sole assignment of error, that the trial court erred when it granted judgment in favor of Appellee Lucas Truck because no evidence was presented, at trial, as to the reasonable value of the services provided by Appellee Lucas Truck. We disagree.
It appears from the Statement of Proceedings and Evidence that Appellant Utter raises this issue for the first time on appeal. In fact, the trial court specifically found, in both its judgment entry and "Statement of Proceedings and Evidence" that no dispute existed concerning the reasonable value of the services provided by Appellee Lucas Truck. The trial court's judgment entry provides as follows:
 There is no dispute between the parties that the work being charged for by the Plaintiff was performed on the truck and that the charges of $2,303.58 were reasonable. Judgment Entry, July 6, 2000, at 1.
Paragraph five of the "Statement of Proceedings and Evidence" further addresses this issue:
 5. No independent or expert testimony was submitted at the time of trial by either party as to the reasonableness or unreasonableness of the value of services that were provided in the way of repair to the truck nor did the Defendant/Appellant question the value of the services provided to his truck. In fact, Defendant/Appellant acknowledged that the bill for the services and repairs was reasonable but argued that it was not his obligation to pay for said services in light of an alleged agreement between himself and Russell Brown. Statement of Proceedings and Evidence, Oct. 14, 2000, at 2.
As a general rule, an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207. The record clearly indicates that Appellant Utter never raised the issue of the reasonableness of the value of the services performed by Appellee Lucas Truck. Instead, the record indicates that Appellant Utter stipulated to the reasonableness of the value of the services. As such, Appellant Utter can not now raise this issue for the first time on appeal.
Appellant Utter's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Zanesville Municipal Court, Muskingum County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Zanesville Municipal Court, Muskingum County, Ohio, is hereby affirmed. Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
 _____________________ By: Wise, J.
Hoffman, P. J., and Boggins, J., concur.
[1] A recording was not made of the trial and therefore, appellant filed a "Statement of Proceedings and Evidence" pursuant to App.R. 9(C).