SCHADE ET AL., APPELLEES, *v.* CARNEGIE BODY CO. ET AL.;
BRADEN, APPELLANT.

(No. 81-729—Decided June 23 ,1982.)

*Mr. Philip Zimmerman* and *Mr. Richard A. Fromson,* for appellees.

*Messrs. McNeal, Schick & Archibald* and *Mr. Albert J. Biro,* for appellant.

REILLY, J. Appellant advances four propositions of law:

1. "Where a party has specifically waived all objections to jury instructions requested by the opposing party, an Appeals Court may not base reversal of a jury verdict on a jury instruction given pursuant to that waiver."

2. "In the absence of plain error, an Appeals Court may not base reversal of a jury verdict on a jury instruction neither assigned as error by appellant nor objected to at trial."

3. "It is the duty of the Trial Court to properly and fully instruct the jury as to the vital issues in the case as raised by the pleadings and the evidence. Where some evidence is presented from which contributory negligence could reasonably be inferred, a fair and balanced charge on that issue is not prejudicial error."

4. "In considering whether a Trial Court's charge to the jury was misleading or confusing, the charge must be considered as a whole. If the charge so construed is a correct statement of the law and so adapted to the case as not to be misconstrued or misunderstood by the jury in the application of the law to the facts, the Trial Court has properly fulfilled its responsibility."

As to appellant's first proposition of law, Civ. R. 51(A) reads in relevant part that:

"A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

There is a "plain error" exception to this rule, however, as *State* v. *Long* (1978), 53 Ohio St. 2d 91, paragraph three of the syllabus, states:

"Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

It follows that if this limiting principle is applicable to a criminal action, it is also valid in a civil case.

A "plain error" is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings. In this case, plaintiffs failed to timely object to the charge of contributory negligence. There could only be plain error where there is the complete absence of any reasonable possibility of negligence on the part of the plaintiff. Since there was sufficient evidence presented upon which to base the charge, there is no plain error. Therefore, that question could not successfully be raised on appeal.

Moreover, even if it was proper to consider the charge on appeal, the appellate court erred in concluding there was insufficient evidence to justify the charge. For instance, the point of impact between plaintiff and defendant's automobile was on the right side of the vehicle. Defendant's testimony shows that her vehicle never left the pavement. The investigating officer did not discover skid marks or mud on the front tires or the road. Furthermore, plaintiff was walking on a narrow berm only four to six inches from the road. Thus, it could reasonably be inferred that she wavered onto the road at the moment of the accident. Consequently, there is sufficient evidence for an inference of contributory negligence sufficient to support the

trial court's instruction. Therefore, appellant's first proposition of law is well taken.

Concerning appellant's second proposition of law, although App. R. 12(A) indicates that it is within a Court of Appeals' discretion to consider errors not specifically set forth in the record and separately argued in counsel's brief, the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected. *State* v. *Glaros* (1960), 170 Ohio St. 471, paragraph one of the syllabus. In this case, while plaintiffs referred to the contributory negligence charge in their brief to the appellate court, such reference was made only in conjunction with the alleged error involving the "assured clear distance" instruction. There was no error actually alleged concerning the charge on contributory negligence. Accordingly, appellant's second proposition of law is also well taken.

As to appellant's third proposition of law, the court properly refused to charge on "assured clear distance" and correctly charged on contributory negligence. *Erdman* v. *Mestrovich* (1951), 155 Ohio St. 85, holds that when there is no evidence to support an issue, no charge should be given thereon. *Erdman* further indicates that giving an instruction on contributory negligence is not inconsistent with the refusal to give an instruction on "assured clear distance" where the evidence supports such an instruction.

In this case, there is no evidence that plaintiff was a discernible object in the front and within the directional line of defendant's travel for a time sufficient to allow defendant to avoid the accident with reasonable care. Nonetheless, based on the evidence, it was not inconsistent for the trial court to instruct the jury on contributory negligence. Therefore, appellant's third proposition of law is well taken.

Finally as to appellant's fourth proposition of law, considering the trial court's instruction in its totality, those portions alleged to be erroneous were not improper. The instructions, as a whole, were sufficiently clear to enable the jury to understand the law as it applied to the facts of this case. *Youngstown Municipal Railway Co.* v. *Mikula* (1936), 131 Ohio St. 17; *Centrello* v. *Basky* (1955), 164 Ohio St. 41. Fur-

thermore, plaintiffs accepted the court's instructions to the jury, with the sole exception of the "assured clear distance" charge. Hence, plaintiffs waived any objections they had, other than with regard to the "assured clear distance" charge. Thus, appellant's fourth proposition of law is also well taken.

Accordingly, for the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. Brown, Acting C. J., Moyer, Locher, Holmes and Krupansky, JJ., concur.

C. Brown, J., dissents.

Reilly, J., of the Tenth Appellate District, sitting for Celebrezze, C. J.

Moyer, J., of the Tenth Appellate District, sitting for Sweeney, J.

Clifford F. Brown, J., dissenting. The Court of Appeals correctly determined that the trial court committed reversible error by submitting an instruction to the jury on contributory negligence, and therefore properly remanded the case to the common pleas court for a new trial.

The record supports the Court of Appeals' determination that there was no evidence that plaintiff came onto or ever walked on the paved portion of the highway before being hit. Nothing in this court's majority opinion contradicts that determination or supports an inference of contributory negligence sufficient to uphold the trial court's instruction. Moreover, the logic of upholding a contributory negligence jury instruction based on an inference that plaintiff was walking on the paved portion of the road before being hit, yet denying the propriety of instructing the jury on the defendant's violation of the assured clear distance rule upon plaintiff's request, escapes me. Just how plaintiff could be on the paved portion of the road yet not be a discernible object in defendant's line of travel, thus requiring an instruction on the assured clear distance rule, is not explained by this court, nor by the trial court, and defies rationality.*

---

* The majority opinion's conclusion that the trial court properly refused a charge on "assured clear distance" and correctly charged on contributory negligence is based

Also, I disagree with the misapplication of the plain error exception to the rule that a party must object to any instruction before the jury retires.

First, the majority blithely states that "plaintiffs failed to timely object to the charge of contributory negligence * * *." Following the trial court's charge, counsel for plaintiffs made the following objection to the instructions:

"Let the record show that during the discussion concerning the Charge, counsel for the Plaintiff requested the Court to instruct the Jury that it *does not make any difference whatsoever what direction the Plaintiff is walking, whether toward or against the traffic, as long as she is on the berm of the highway.*

"* * *

"And that the Court did not include that as part of his Charge. And for that reason, counsel objects to each and every sentence of said Charge and every word thereof, as this is a vital portion of the Court's instructions." (Emphasis added.)

Thus, counsel for plaintiffs preserved their objection to the jury instruction dealing with the critical issue of plaintiff's presence on the berm of the highway and not on the highway itself, all of which is equivalent to objecting to the giving of a jury instruction on the issue of contributory negligence.

Second, the Court of Appeals properly had the issue of the

on the authority of *Erdman* v. *Mestrovich* (1951), 155 Ohio St. 85. *Erdman* is distinguishable and inapplicable to the facts in this case. In *Erdman* the plaintiff pedestrian suddenly entered the lane of travel of defendant's vehicle, a situation where clearly and correctly the assured clear distance rule is inapplicable, as expressed in paragraph three of the syllabus of *Erdman* as follows:

"Where a pedestrian crossing a street intersection enters the path or lane of travel of a motor vehicle approaching the intersection at a right angle to the path of the pedestrian and the pedestrian by his act enters suddenly the vehicle operator's assured clear distance ahead, at a point less distant than the forward limit thereof, and is struck by the vehicle, a charge to the jury in a personal injury action by the pedestrian against the operator predicated on a violation of the assured-clear-distance-ahead rule should not be given, unless there is evidence tending to show that the pedestrian came into the operator's assured clear distance ahead at a point sufficiently distant ahead of the motor vehicle as to have permitted the operator, in the exercise of ordinary care, to have stopped his motor vehicle before striking the pedestrian."

By contrast in the present *Schade* case there is no evidence that plaintiff Schade ever entered, suddenly or otherwise, the defendant-appellant Braden's lane of travel. In *Erdman* the plaintiff's sudden entry into defendant's lane of travel raised the issue of contributory negligence. But in the present *Schade* case there is no such evidence.

contributory negligence charge before it when it reversed the trial court. The majority opinion finds no error actually alleged concerning the charge on contributory negligence in the assignments of error filed in the Court of Appeals. However, I would hold plaintiffs' first assignment of error to the Court of Appeals sufficient to raise the issue. That assignment reads: "The charge of the court to the jury was incomplete and misleading." The Court of Appeals considered in detail the propriety of the contributory negligence instruction under this assignment of error. To conclude that the above assignment of error did not adequately challenge the erroneous contributory negligence charge is a position unduly harsh and hypertechnical. This state has rejected the principle of form pleading by adopting the Rules of Civil Procedure. Our purpose and function is neither to create petty precedents nor to erect legal barriers which prevent justice being attained, but to see that justice is done. Such purpose requires approval of the keen analysis and cogent majority opinion of Judge John T. Patton for the Court of Appeals and affirmance of its judgment. Therefore, I dissent.

