OPINION
Defendant-appellant Constance Bordeaux appeals the September 23, 1997 Judgment Entry of the Canton Municipal Court which granted judgment against her in the amount of $5,949 plus interest. Plaintiff-appellee is Susan K. Tan.
 STATEMENT OF THE FACTS AND CASE
The trial court succinctly set forth the statement of the case and the underlying facts in its Opinion and Judgment Entry filed September 23, 1997 at pages 1-5. (See attached.) We hereby adopt the same by reference.
Following a bench trial, the trial court awarded plaintiff $5,949 as damages plus interest; denied appellee's claim for specific performance, punitive damages, attorney fees and legal expenses; determined appellant is entitled to possession of the 1992 Toyota Camry automobile upon payment of the judgment to appellee; and taxed costs to appellant. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ERRED WHEN IF REFERRED TO MR. JEFFREY REYNOLDS AS PLAINTIFF'S EXPERT WITNESS AND PREDICATED ITS DECISION TO GRANT PLAINTIFF A JUDGMENT OF $5,949, BASED SOLELY UPON THE VALUE PROVIDED BY MR. REYNOLDS FOR A 1992 TOYOTA. MR. JEFFREY REYNOLDS WAS NEVER OFFERED BY PLAINTIFF AS AN EXPERT WITNESS, MR. REYNOLDS WAS NEVER QUALIFIED TO BE AN EXPERT WITNESS PURSUANT TO EVIDENCE RULE 702, AND THE ENTIRE RECORD IS VOID OF ANY REFERENCE TO MR. REYNOLDS AS BEING AN EXPERT IN ANYTHING.
 II. IN VIEW OF THE TRIAL COURT' S MISPLACED RELIANCE UPON MR. REYNOLDS AS AN EXPERT WITNESS, WHEN IN TRUTH HE WAS JUST A LAY WITNESS, THE TRIAL COURT'S JUDGMENT IN FAVOR OF PLAINTIFF FOR $5,949 RESTED UPON INSUFFICIENT TESTIMONY TO ESTABLISH A GIVEN FACT. PLAINTIFF ENTERED TWO VALUES FOR THE 1992 TOYOTA INTO EVIDENCE FROM TWO SEPARATE AND EQUALLY WEIGHTED SOURCES, THE VALUE OF $7,500 FROM A NADA PRICING GUIDE AND THE VALUE OF $5,950 BY MR. REYNOLDS. IN OHIO, IF THE EVIDENCE SO PRODUCED FURNISHES ONLY A BASIS FOR A CHOICE AMONG DIFFERENT POSSIBILITIES AS IT DOES HERE, THEN PLAINTIFF HAS FAILED TO SUSTAIN ITS BURDEN OF PROOF.
 III. THE TRIAL COURT ERRED WHEN IT QUALIFIED DEFENDANT'S RIGHT TO TAKE POSSESSION OF THE 1992 TOYOTA BY MAKING THIS RIGHT SUBJECT TO THE PAYMENT OF PLAINTIFF'S JUDGMENT. BECAUSE THIS CLAUSE FAILS TO ATTACH PLAINTIFF'S JUDGMENT TO THE AUTOMOBILE IN THE FORM OF A LIEN OR A SECURITY INTEREST, DEFENDANT'S TITLE WAS UNAFFECTED BY THIS CLAUSE AND LEFT FREELY TRANSFERABLE. WHEN THIS TITLE WAS TRANSFERRED TO A PURCHASER FOR VALUE, THE POSSESSION CLAUSE IN THIS JUDGMENT BECAME UNENFORCEABLE. A JUDGMENT INCAPABLE OF ENFORCEMENT SHOULD BE DECLARED VOID AND FOR PURPOSES OF JUDICIAL ECONOMY, SHOULD BE STRICKEN SO AS TO AVOID FURTHER LITIGATION OVER THIS SAME MATTER.
 IV. THE COURT ERRED WHEN IF RULED ON MATTERS THAT WERE NEVER FRAMED IN THE PLEADINGS AND ARGUED BY THE PARTIES AT TRIAL. SPECIFICALLY, THE COURT SEEKS TO DETERMINE THE BREACHES IN A LEASE AGREEMENT AND THE VALUES THAT CAN ATTACH TO SAID BREACHES. BOTH PARTIES CONCERNED THEMSELVES WITH PROVING OR DISPROVING THE EXISTENCE OF A CONTRACT AND TO THE RIGHT OF SPECIFIC PERFORMANCES. THE SUBJECT OF BREACHES AND THE VALUATION OF BREACHES WAS PREMATURE AND SHOULD HAVE BEEN THE SUBJECT OF AN EVIDENTIARY HEARING AFTER THE PRIMARY ISSUES WERE DECIDED. THESE ISSUES WERE NEVER ADDRESSED AND ARGUED.
 I
Herein, appellant argues the trial court erred in considering the testimony of Jeffrey Reynolds as an expert witness because the proper foundation for admission of his testimony was not established according to Evid.R. 702.
Appellant failed to object to the admission of Mr. Reynolds' testimony. Errors not timely brought to the attention of the trial court are deemed waived and cannot thereafter be raised for the first time on appeal. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207. Accordingly, we overrule appellant's first assignment of error.
 II
Having overruled appellant's first assignment of error as noted supra, appellant's second assignment of error is likewise overruled because it is dependent upon appellant's success in her first assignment of error.
Furthermore, we hasten to note we do not accept appellant's proposition of law that if this Court found one of the valuations of the automobile presented by appellee to have been improperly admitted, such would necessarily mean appellee failed to meet her burden of proof on the issue of damages.
 III
Herein, appellant challenges the trial court's judgment as unenforceable because of indefiniteness and, therefore, it is void. Appellant comes to this conclusion apparently because of her belief the portion of the trial court's order which allows appellee to retain possession of the automobile until appellant pays the judgment is superseded by appellant's transfer of title to the automobile to her attorney.
Upon our review of the judgment entry, we find nothing indefinite therein.
R.C. 1901.18(A)(3) reads as follows:
 Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
 (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract;
We find the Judgment Entry fashioned by the trial court preserves appellee's legal and equitable rights with regard to the lease agreement and is a necessary or proper equitable remedy under the facts in the case sub judice.
 IV
Contrary to appellant's argument, we find the trial court properly considered whether a lease agreement existed between the parties and, after finding one existed, properly considered and determined whether either party breached the lease agreement. Once the trial court found appellant breached the lease agreement, the trial court properly awarded damages for the breach and conditioned possession of the 1992 Camry automobile upon payment of the judgment. See, Discussion of III, supra. We find no error in the trial court's determination of all the issues tried by the parties.
Appellant's fourth assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.