JOURNAL ENTRY and OPINION
Plaintiff-appellant, Paula Singer, appeals from the verdict rendered by a jury finding in favor of defendants-appellees on all counts of appellant's complaint.
The appellant was injured while walking through a door at her place of employment at Charles Scott Salon located in Westlake, Ohio. The appellant had been employed as a hairdresser at the salon for approximately eight months at the time of the accident. Appellee, Iles Construction Company, served as the construction manager of the shopping center where the appellant's employer was located. Appellee, Robert Stark Enterprises, was the general contractor and the landlord for the property. Appellant was injured when she was returning from taking out the trash in the rear of her employer's premises. The injury occurred when a gust of wind caused the door through which the appellant was proceeding to slam shut on her heel.
The appellant filed the instant complaint, sounding in negligence, against the appellees in the Cuyahoga County Court of Common Pleas on August 3, 1995. Among other defenses, the appellees asserted the affirmative defense of comparative negligence in their separate answers to the amended complaint. The case proceeded to trial on or about November 4, 1998. At the close of the trial, the trial court instructed the jury on assumption of risk and contributory negligence. The appellant's trial counsel did not object to the trial court's so instructing the jury. In response to interrogatories posited by the trial court, the jury found that the appellant was 95% responsible for her own injuries and, therefore, entered a verdict in favor of the appellees. The appellant timely filed this appeal and presents a singular assignment of error for this court's review:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR BY INSTRUCTING THE JURY ON COMPARATIVE NEGLIGENCE WHEN THE EVIDENCE DEMONSTRATED THAT APPELLANT WAS REQUIRED BY HER EMPLOYER TO EXIT THROUGH THE REAR DOOR WHICH CAUSED HER INJURIES.
Because the appellant did not object to the trial court's issuance of a jury instruction on comparative negligence, we are compelled to review this assignment of error under a plain error standard. See Civ.R. 51(A); Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207. In appeals in civil cases, the plain error doctrine is utilized only under exceptional circumstances to prevent a manifest miscarriage of justice, or where the alleged error seriously affects the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Goldfuss v.Davidson (1997), 79 Ohio St.3d 116; Cleveland Elec. Ilium. Co. v.Astorhurst Land Co. (1985), 18 Ohio St.3d 268, 275. We find no error that would undermine the judicial process as the court's instructions accurately stated the law in Ohio on comparative negligence.
An instruction on comparative negligence is proper where the issue is raised in the pleadings and supported by the evidence.Tyrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 50. Testimony that was adduced at trial which supported the giving of a jury instruction on comparative negligence included the fact that the employees at the salon were aware that the door was prone to close quickly, especially on windy days, that the appellant herself was aware of this characteristic of the door, and that the appellant had already been through the door on several occasions on the day of the accident. There was no evidence that the appellant, or any other employee of the salon, ever complained to the appellees, or anybody else, that the door was unsafe.
After hearing all of the evidence in the case, the jury concluded that the appellant was overwhelmingly at fault (95%) for her own injuries. It is impossible to conclude from such facts that the giving of a jury instruction on the issue of comparative negligence was a "manifest miscarriage of justice."
The appellant contends that the fact that she was required to use the rear door of the salon by her employer in the furtherance of her job duties should have precluded the trial court from instructing the jury on the law of comparative negligence. In support of this argument the appellant cites Cremeans v. WilmarHenderson Mfg. Co., Inc. (1991), 57 Ohio St.3d 145. In Cremeans,
the Supreme Court, in a strict products liability case, held that assumption of risk is not available as a defense when an employee encounters the risk of injury in the normal performance of his required job duties and responsibilities. This court has repeatedly declined to extend the holding of Creamens (which was a plurality opinion) to negligence actions brought by employees for injuries incurred in the course and scope of employment. SeeColbach v. Uniroyal Tire Co., Inc. (1996), 108 Ohio App.3d 448,458-459; Clark v. Albert Higley Co. (Nov. 21, 1996), Cuyahoga App. No. 70304, unreported; Corso v. Regan (June 2, 1994), Cuyahoga App. No. 65077, unreported. The court in Clark stated:
 [W]e reject appellant's contention that as a matter of law, the defense of contributory negligence can never be asserted to limit or bar an employee's recovery in a negligence action.
In Calmes v. Goodyear Tire and Rubber Co. (Nov. 10, 1993), Summit App. No. 16163, unreported, the Ninth Appellate District stated:
 This court finds it significant that the Supreme Court remanded this case for an allocation of negligence between the parties after rendering its decision in Cremeans; such timing sends a message about the meaning of both cases. If the Court had meant in Cremeans to eliminate contributory negligence in the employment setting, not only would the judgment of Cremeans have reflected that position, but also Calmes would not have resulted in a remand. Instead the Court remanded this case for a new trial specifically to reallocate fault between Goodyear and Mr. Calmes.
It is clear in this case that the facts supported a jury charge of contributory negligence and that such a charge is permitted by law. Therefore, the appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J. and KILBANE, J., CONCUR
 __________________________ MICHAEL J. CORRIGAN, JUDGE