DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas. That court reversed a ruling of the City of Toledo Income Tax Review Board, finding its decision "arbitrary, capricious, and unreasonable." Because we concur with the Lucas County Court of Common Pleas' analysis, we affirm.
In March 1997, appellee, Dana Corporation, filed amended 1993 and 1994 corporate income tax returns with appellant, city of Toledo. In doing so, appellee consolidated its filings with those of its subsidiaries. The result, according to appellee's calculations, was that it was entitled to a tax refund for those years.
Appellant's Commissioner of Taxation rejected appellee's amended returns, claiming that such consolidation could only be applied to the current and future tax years. According to the Tax Commissioner, a request to file a consolidated return must be submitted before the return is due. No retroactive consolidation for prior tax years would be entertained.
Appellee appealed the commissioner's decision to appellant's Income Tax Board of Review, which affirmed the order. Appellee then appealed to the Lucas County Court of Common Pleas pursuant to R.C. 2506.04. The common pleas court eventually reversed the board of review, concluding that the Tax Commissioner's disallowance of the amended consolidated return was arbitrary, capricious, and unreasonable.
Appellant now brings this appeal, setting forth the following two assignments of error:
 "I. THE LOWER COURT ERRED IN HOLDING THAT DANA WAS LEGALLY ENTITLED TO FILE CONSOLIDATED RETURNS RETROACTIVELY.
 "II. THE LOWER COURT ERRED IN HOLDING THAT, IF PERMITTED TO BE FILED, CONSOLIDATED RETURNS WOULD HAVE ESTABLISHED ANY ENTITLEMENT TO REFUND."
 I.
In its second assignment of error, appellant attempts to exploit an omission in the recording of the Board of Review's hearing on this matter. The audio recording of the hearing failed during the time a stipulation was read into the record. Included in the agreed statement, according to appellee, was a stipulation that appellee would be due a refund as a result of its amended return. Appellant argues that this omission means that there was insufficient evidence to support the common pleas court's finding that appellee is entitled to a refund.
Appellant raises this argument for the first time in this appeal. It made this assertion neither before the Board of Review, nor during the initial appeal to the common pleas court. It is a fundamental rule of appellate practice that an appellate court will not consider any error which could have been raised, and, therefore, avoided or corrected at a more preliminary level. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210; Leber v. Smith (1994), 70 Ohio St.3d 548, 552. Accordingly, appellant's second assignment of error is found not well-taken.
 II.
Toledo Municipal Code ("TMC") section 1905.03(C)(1) provides that:
 "Filing of consolidated returns may be permitted or required in accordance with Rules and Regulations prescribed by the Commissioner of Taxation * * *."
TMC 1905.13 requires that all rules and regulations which are adopted by the Commissioner of Taxation must be approved by the Taxation Board of Review, then filed with the clerk of Toledo City Council and made available for public inspection. It is undisputed that, even though the Tax Commissioner never promulgated any rule concerning consolidated returns, the Commissioner has historically permitted such filings.
TMC 1905.12 permits the filing of amended returns and allows claims for refunds founded on amended returns, if timely filed. It is undisputed, that the Toledo Tax Commissioner regularly accepts timely filed amended returns.
At issue is whether appellee should be permitted to file a return which is both amended (and within the three year period in which amendments may be made) and consolidated. Appellant insists that it should not, citing several prior rulings of the Tax Commissioner which denied such filings outside the deadline for an initial annual return. Any other rule, appellant insists, would undermine the city's budgeting process. As far as notice to the taxpayer of this rule, appellant maintains that although its prior rulings on this issue were not published, as they were privileged, all appellee needed to have done to ascertain this rule was to inquire.
The common pleas court, although concluding that the Commissioner of Taxation certainly had the power to bar retroactive consolidated returns, noted that the Tax Commissioner failed to properly establish such a rule. The court concluded that, in fairness, appellee should not be punished for this "unexplained failure." The common pleas court ruled, absent a properly enacted rule, appellant's disallowance of appellee's amended return was "arbitrary, capricious, and unreasonable."
This is a rule of law for which there is a paucity of authority, because it is so fundamental that it is seldom discussed. There can be no secret rules. There can be no secret regulations. An agency of the government cannot enforce a rule which has never been properly enacted. Clearly, an attempt to do so would violate the tenets of fair play and, in the present circumstances, deprive appellee of property without due process. See, Ohio Constitution, Section 1, Article I; United States Constitution, Amendment V, Amendment XIV.
In this matter, for the city of Toledo to have an enforceable regulation concerning amended consolidated tax returns, it must properly promulgate such regulation, approve and codify it, pursuant to the city's own ordinances. Absent compliance with these ordinances, there is no regulation for the Tax Commissioner to enforce.[1] Consequently, any attempt of the Tax Commissioner or the board of review to enforce such a phantom regulation was, as the common pleas court ruled, "arbitrary, capricious, and unreasonable." We might also add, it was unlawful. R.C. 2506.04.
Accordingly, the common pleas court properly reversed the decision of the board of review. Appellant's first assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 ____________________________ James R. Sherck, J.
 Mark L. Pietrykowski, J., George M. Glasser, J., JUDGE CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant's arguments and authority that such returns may not be filed in Ohio and United States taxation cases is inapposite as both these jurisdictions have properly enacted regulations.