DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas in regard to a dispute concerning possession and ownership of a one hundred foot railroad easement. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, Burley S. Whitaker, sets forth the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO DECLARE THAT THE PERPETUAL EASEMENT OWNED BY APPELLANT ENABLES HIM TO USE IT FOR ACCESS TO HIS PROPERTY."
The following facts are relevant to this appeal. On August 9, 1999, appellant filed an action against appellees and others not party to this appeal seeking to quiet title to property formerly used as a one hundred foot railroad easement ("easement") by Penn Central Railroad Co.[1]
Penn Central's predecessor in title was Sandusky City and Indiana Railroad Co., which had acquired its interest from James Cleveland in 1852. In 1992, Penn-Central, by quit claim deed, conveyed its interest in the easement to an investment partnership. The investment partnership conveyed its interest to appellant in 1997.
The 1852 instrument in which James Cleveland granted certain rights to Penn Central's predecessor, begins with the following language:
 "Know all men by these presents that I James Cleveland of Sandusky County, Ohio hereby grant to the Sandusky City and Indiana Rail Road Company and its assigns, the right to using a strip of land not exceeding one hundred feet wide on and over the lot below described for a Rail Road, and the privilege of entering said lot to survey construct repair and use said Rail Road. * * *"
Cross motions for summary judgment were filed. Appellant sought summary judgment on the issue of whether he had fee simple title or, alternatively, that he had a permanent perpetual easement over the property. On June 28, 2000, the trial court entered a judgment entry in which the court found that appellees Mierke, Sanford and Aldrich, as heirs of the original grantor, James Cleveland, remained holders of the underlying fee of the easement at issue. The trial court also found that appellant's motion for summary judgment was well-taken as to his possession and ownership of a perpetual easement to survey, construct, repair and use the easement for a railroad. The trial court specifically found that the issue of whether the easement was for anything but a railroad was not before the court and made no findings thereon. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred when it failed to declare that the perpetual easement owned by appellant enabled him to use it for access to his property. This court finds no merit in this assignment of error.
In the case sub judice, the trial court specifically noted in its judgment entry that the issue as to whether the easement was for anything but a railroad was not before the court and the court would not make findings thereon. Upon review of the record in this case, this court finds that appellant did not plead or move to have the scope and extent of the easement expanded. Appellant sought summary judgment on the issue of whether he had fee simple title or, alternatively, that he had a permanent perpetual easement over the property.
Therefore, this court finds that the issue raised in appellant's assignment of error is not properly before this court as it was not raised in the trial court. This court cannot determine the issue of whether the trial court abused its discretion regarding this issue until the issue has been raised in the trial court. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210. Consequently, appellant's failure to seek relief at the trial court level bars him from seeking such relief on appeal.
Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Richard W. Knepper, J. CONCUR.
[1] An amended complaint adding a claim of adverse possession was filed on March 30, 2000.