OPINION
{¶ 1} Rita D. Finley, pro se, is appealing from the decision of a judge of the Dayton Municipal Court adopting a magistrate's determination, together with its findings of fact and conclusions of law (which had been requested by the appellant) denying appellant's small claims complaint against the two defendants for disposing of her belongings that she had left at the YWCA after living there for forty-five days as part of its emergency shelter program.
 {¶ 2} The case had been tried before the magistrate on April 23, 2003, and its findings of fact and conclusions of law were filed on July 25, 2003. The findings of fact and conclusions of law clearly advised the appellant in writing that the Civil Rules require that a party cannot assign as error on appeal any finding of fact or conclusion of law unless the party has specifically objected to it on the trial court level.
 {¶ 3} As the appellees have pointed out in their brief, Ms. Finley failed to file any objections to the magistrate's findings of fact and conclusions of law, but instead resorted to an immediate appeal of the court's decision. Our review of the record supports this argument by the appellees, and we find that no objections were filed against the report. Accordingly, any possible error in the decision has been waived and may not be assigned as error on appeal unless it is "plain error." "A `plain error' is one obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317.
 {¶ 4} Since the trier of facts' decision was based upon a credibility call of the witnesses who testified at the hearing, it would be practically impossible to find a plain error in this proceeding. The judgment is affirmed.
Brogan, J. and Grady, J., concur.