[Cite as *Ogg v. Penn*, 2014-Ohio-5481.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

IN THE MATTER OF THE FORECLOSURE OF
LIENS FOR DELINQUENT LAND TAXES BY
ACTION IN REM WILLIAM K. OGG,
TREASURER OF SCIOTO COUNTY, OHIO,      :

    Plaintiff-Appellee,                :

    v.                                 :

PARCELS OF LAND ENCUMBERED WITH
DELINQUENT TAX LIENS,                  :

DAVID E. HOLCOMB
P.O. BOX 736
LUCASVILLE, OHIO 45648,                :

DONNA F. HOLCOMB
P.O. BOX 736
LUCASVILLE, OHIO 45648,                :

JEFF BAUGHMAN
DBA: BAUGHMAN'S OF OHIO LLC
52 MERRITT STREET
LUCASVILLE, OH 45648,                  :

CAPITAL ONE BANK, USA NA
1680 CAPITAL ONE DRIVE
MCLEAN, VA 22102,                      :

OHIO STATE DEPARTMENT OF TAXATION
C/O OHIO ATTORNEY GENERAL
30 E. BROAD STREET, 14th FLOOR
COLUMBUS, OH 43215,                    :

UNKNOWN OCCUPANT, IF ANY
0 SCIOTO STREET
LUCASVILLE, OH 45648,                  :

DAVID PENN,
13816 STATE ROUTE 73
MCDERMOTT, OH 45652,                   :

Case No. 14CA3606

DECISION AND
JUDGMENT ENTRY

SHERYL PENN
13816 STATE ROUTE 73
MCDERMOTT, OH 45652,                                    :

    Defendants-Appellants.                      :                    RELEASED 12/11/2014

---

APPEARANCES:

Bruce M. Broyles, The Law Office of Bruce M. Broyles, Boardman, Ohio, for defendant-appellant David Penn.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Danielle M. Parker, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for plaintiff-appellee Scioto County Treasurer.

---

Hoover, J.

{¶ 1} Defendant-appellant, David Penn, appeals the judgment of the Scioto County Common Pleas Court denying his motion to vacate a judgment of foreclosure on existing liens for delinquent taxes, special assessments, penalties and interest against a parcel of real property entered in favor of plaintiff-appellee, the Scioto County Treasurer ("the Treasurer"). For the following reasons, we affirm the judgment of the trial court.

{¶ 2} This case involves in rem foreclosure proceedings to satisfy unpaid property taxes brought under R.C. 5721.18. On March 28, 2013, the Treasurer filed a complaint ("the original complaint") to foreclose a tax lien on land identified as lots 71 and 72, parcel number 24-0979.000 in Scioto County, Ohio. The original complaint alleged that the parcel was certified delinquent on August 1, 2007.

{¶ 3} The original complaint named David and Donna Holcomb as defendants, and alleged that the Holcombs were the owners of record of the parcel. Other defendants who may have had an interest in the property were also named in the original complaint. The Scioto

County Clerk of Courts ("the Clerk") began sending notices of the foreclosure to all named defendants on March 28, 2013. Notices were sent by certified mail.

{¶ 4} In addition to mailing notices, a notice of foreclosure was also published in the Scioto Voice. The Scioto Voice published the notice on April 4, April 11, and April 18, 2013.

{¶ 5} On April 29, 2013, David and Sheryl Penn filed a paper captioned "Notice of Appearance" in which they asserted that they were the owners of the real property by virtue of an unrecorded quitclaim deed.[1] By the "Notice of Appearance", the Penns also denied the allegations of the complaint and asserted affirmative defenses.

{¶ 6} On June 14, 2013, the Treasurer, by leave of court, amended the foreclosure complaint ("the amended complaint") to include David Penn and Sheryl Penn as named defendants in the action. The Clerk again sent notice of the foreclosure to all named defendants on June 14, 2013. The notices sent to David Penn and Sheryl Penn were first sent by certified mail to 13816 State Route 73, McDermott, Ohio 45652. However, the notices sent to David and Sheryl Penn were returned to the Clerk marked by the United States Post Office as "Unclaimed; Unable to Forward". On July 8, 2013, the notices were sent to David and Sheryl Penn by ordinary mail to the same address. The notices were again returned to the Clerk this time marked "No one here by this name." The appearance docket indicates, however, that the envelope containing the notice of foreclosure was opened before it was returned by the United States Post Office. Also on July 8, 2013, the Penns each sent "Constructive Notice" to the Clerk stating that they would not accept mailings addressed to their "all caps Name" and "to correct the record-

---

[1] In the "Notice of Appearance", David and Sheryl Penn listed their address as "13816 Rt. 73, McDermott, Ohio 45652."

records to show [their lowercase] Christian Name". The Constructive Notices indicated that "13816 Rt. 73 near McDermott, Ohio" was the correct address to reach the Penns.[2]

{¶ 7} A notice of foreclosure was again published in the Scioto Voice following filing of the amended complaint. The Scioto Voice published the notice on June 20, June 27, and July 4, 2013. The appearance docket contains an entry regarding publication of the notice. Additionally, the record contains a copy of the published notice and an affidavit from the Scioto Voice stating the fact of publication.

{¶ 8} The Treasurer filed a motion for default judgment, or alternatively, a motion for summary judgment (hereinafter the "motion for default judgment/summary judgment") against the Penns on August 5, 2013. The Treasurer argued that 28 days had elapsed since the notice of foreclosure had been published and that the Penns had failed to answer the amended complaint or otherwise defend. Alternatively, the Treasurer argued that it was entitled to summary judgment. Attached to the motion was the affidavit of the Treasurer that averred that parcel number 24-0979.000 was first certified delinquent on August 1, 2007, and is included in the master list of delinquent lands[3]. The affidavit further averred that as of June 14, 2013, the real property taxes, assessments, charges, penalties and interest due upon parcel number 24-0979.000 was $9,348.87. That same day the Treasurer filed a second motion for default judgment against all remaining defendants, except for the Ohio State Department of Taxation. The motion alleged that the remaining defendants had failed to answer or otherwise defend against the amended complaint.

---

[2] The Constructive Notices were attached as exhibits to a filing of the Treasurer. [*See* Tr. Document 26, Exhibits E and F.]

[3] A portion of the Delinquent Taxpayer Report 2013 Pay 2014 was also attached to the motion, but was not authenticated by the Treasurer's affidavit. The Delinquent Taxpayer Report showed a total amount due of $9,733.37.

{¶ 9} Also, on August 5, 2013, the Penns filed a document titled "Amicus Curie Brief". In their "Amicus Curie Brief" the Penns claimed that they purchased the subject property from David and Donna Holcomb on September 21, 2007. Attached to the filing was a copy of a quitclaim deed, dated September 21, 2007, which in fact evidenced a transfer of parcel number 24-0979.000 from the Holcombs to the Penns. The Penns also alleged that a September 2007 title search of the property revealed no delinquent taxes and that an accounting provided by the Treasurer showed no delinquent taxes as of August 2007, when the property was certified delinquent. A copy of the title search[4] and accounting[5] documents were attached to the Amicus Curie Brief.

{¶ 10} On August 16, 2013, the Penns filed a "Motion to Deny: Plaintiff's Motion for Default Judgment, and Motion for Summary Judgment", i.e., a memorandum in opposition. The Penns claimed that they were never served with the amended complaint or the motion for default judgment/summary judgment. Shortly thereafter, the Treasurer filed a response to the Penns' memorandum noting that the Clerk attempted certified and ordinary mail service of the summons, complaint, and notice of foreclosure upon the Penns. The Treasurer also noted that notice of foreclosure had been published in accordance with the statutory notice provision under R.C. 5721.18(B)(1), and that the Penns had been served with the motion for default judgment/summary judgment at the same address that the Penns used in their memorandum in opposition.

---

[4] The title search document notes "[t]axes for the tax year of 2007 are a lien, due and owing, but not yet delinquent or payable."

[5] While the Penns alleged that the accounting showed no delinquent taxes as of August 2007, the report attached to their Amicus Curie Brief seems to indicate that the 2006 taxes had been paid, but makes no reference to 2007 taxes.

{¶ 11} On August 29, 2013, the trial court entered a judgment entry finding all defendants except for David Penn, Sheryl Penn, and the Ohio State Department of Taxation in default for failing to answer or otherwise defend against the amended complaint.

{¶ 12} On September 4, 2013, the Penns filed their second memorandum in opposition to the Treasurer's motion for default judgment/summary judgment. The Penns again claimed that they were not served with the amended complaint. They further argued that the publication notice was deficient and that the affidavit and attachments filed in support of the motion for default judgment/summary judgment did not comply with Civ.R. 56(C) and should be stricken from the record. On September 10, 2013, the Penns filed a document titled "Objection", in which they alleged that the trial court lacked jurisdiction over the in rem proceeding because the assistant county prosecutor filed the action in the name of a "fictitious" plaintiff and lacked standing to pursue the action.

{¶ 13} On October 4, 2013, the trial court entered an order granting the Treasurer's motion for default judgment/summary judgment finding that "David and Sheryl Penn were clearly served with the motion for default and for summary judgment and are in default of answer." However, the trial court set this order aside, sua sponte, by judgment entry filed on October 17, 2013.

{¶ 14} On October 31, 2013, the trial court entered summary judgment against David and Sheryl Penn and in favor of the Treasurer. However, this judgment entry was also vacated, sua sponte, on the grounds that it had been "signed prematurely".

{¶ 15} Finally, on January 7, 2014, the trial court entered summary judgment against the Penns and in favor of the Treasurer. The trial court found that the real property taxes on parcel number 24-0979.000 had been certified delinquent in the total amount of $9,733.37. The trial

court further found that the remaining defendants[6] were in default for failing to answer or otherwise defend against the amended complaint. By its judgment entry, the trial court ordered that the parcel be sold by sheriff's sale, without appraisal, "pursuant to the provisions of Section 5721.19 of the Ohio Revised Code for a sum not less than $9,733.37, plus all taxes, assessments, charges, penalties, and interest payable, plus the costs incurred in the foreclosure proceeding." Thereafter, the Clerk issued an Order of Sale to the Scioto County Sheriff's Office.

{¶ 16} On January 27, 2014, the Penns filed a "Motion to Vacate Scioto County Court Case #13-CIE-083, Ohio Rules of Civil Procedure, Rule 60". In support of their motion to vacate, the Penns argued that (1) the Treasurer lacked standing "to bring a Cause of Action against a Private sui juris Being"; (2) the "Treasurer failed to identify the injury suffered, and failed to support the Action with a verified Affidavit"; (3) the trial court lacked subject matter jurisdiction and personal jurisdiction; (4) the Treasurer failed to state a claim upon which relief can be granted; (5) the assistant prosecuting attorney is "considered a FOREIGN AGENT under the FOREIGN AGENTS REGISTRATION ACT (FARA), [and] cannot enter Statements, or Facts before a Court against sui juris beings, and any actions by [her] ARE VOID AND VOIDABLE"; and (6) no personal liability can be imposed by an in rem action. (Emphasis sic.)

{¶ 17} In a judgment journalized on February 21, 2014, the trial court denied the Penns' motion to vacate. It is from this judgment that David Penn has filed a timely notice of appeal.[7]

{¶ 18} Penn asserts one assignment of error on appeal:

Assignment of Error:

The trial court erred in denying the motion to vacate.

---

[6] While the Ohio State Department of Taxation was a named defendant in the amended complaint, neither the August 29, 2013 default judgment entry nor the January 7, 2014 summary judgment entry make a finding that the Department of Taxation was in default. All other defendants, besides David and Sheryl Penn, were found to be in default for failing to answer the amended complaint.

[7] On March 5, 2014, the trial court stayed execution of its January 4, 2014 judgment entry pending further order of the court.

{¶ 19} In support of his sole assignment of error, Penn contends that the trial court erred in denying his motion to vacate because: (1) the Penns had filed an answer to the foreclosure complaint via their "Notice of Appearance"; (2) even if the "Notice of Appearance" does not constitute an answer to the amended complaint, such failure to answer is excused because the Treasurer's publication of notice of foreclosure was insufficient under R.C. 5721.18; (3) the trial court's default judgment award is void because the Penns had entered an appearance and the court violated due process by failing to notice and hold a default hearing; and (4) the judgment entry violated R.C. 5721.19 by failing to make any finding as to the amount of taxes, assessments, charges, penalties, and interest that are due and owing. Penn concludes that these alleged errors amounted to a violation of his due process rights, and rendered the trial court's judgment void.

{¶ 20} Penn's motion to vacate was captioned as a Civ.R. 60 motion. However, upon reviewing the motion and Penn's arguments on appeal, it is apparent that Penn actually sought to vacate a void judgment. "When a party claims that a judgment is void, that party need not comply with Civ.R. 60(B). Instead, a trial court retains inherent authority to vacate a void judgment." *Blaine v. Blaine,* 4th Dist. Jackson No. 10CA15, 2011–Ohio–1654, ¶ 17; *see also Pryor v. Pryor,* 4th Dist. Ross No. 11CA3218, 2012–Ohio–756, ¶¶ 5–8 (treating motion to vacate divorce decree as a motion to set aside a void judgment and not conducting Civ.R. 60(B) analysis). "When a party incorrectly seeks relief under Civ.R. 60(B) in an attempt to vacate a void judgment, a court will 'treat the motion as a common law motion to vacate or set aside the judgment * * *.' " *Blaine* at ¶ 17, quoting *Beachler v. Beachler,* 12th Dist. Preble No. CA2006–03–007, 2007–Ohio–1220, ¶ 19. "The determination of whether a judgment is void presents a question of law." *Patten v. Patten,* 4th Dist. Highland No. 10CA15, 2011–Ohio–4254, ¶ 17,

citing *Blaine* at ¶ 19. " 'We review questions of law de novo.' " *State v. Elkins,* 4th Dist. Hocking No. 07CA1, 2008–Ohio–674, ¶ 12, quoting *Cuyahoga Cty. Bd. of Commrs. v. State,* 112 Ohio St.3d 59, 2006–Ohio–6499, 858 N.E.2d 330, ¶ 23.

{¶ 21} As an initial matter, we note that Penn's first three arguments in support of his assignment of error are premised on the mistaken fact that the trial court awarded default judgment against him. While the trial court's October 4, 2013 judgment did enter default judgment against Penn, said judgment was eventually set aside by the trial court. The January 7, 2014 judgment, which was the subject of Penn's motion to vacate, clearly states that summary judgment was being granted upon the Treasurer's motion; not default judgment. Moreover, none of Penn's arguments in support of his assignment of error are properly before this Court. It is well-settled law in Ohio that appellate courts will not consider as error issues that are raised for the first time on appeal. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982); *see also Ohio Performance, Inc. v. Nelson*, 4th Dist. Scioto No. 94CA2226, 1995 WL 103634, *3 (Mar. 7, 1995) ("It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. * * * Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."). Here, at the trial court level, Penn listed several reasons why the court's judgment should be vacated. While Penn's trial argument is admittedly hard to decipher, none of the listed reasons raised the due process concerns asserted in his appellate brief. Thus, Penn has waived those arguments and we cannot consider them for the first time on appeal.

{¶ 22} With the foregoing in mind, we cannot find that the trial court's judgment is void, or that the trial court erred in denying the motion to vacate. Accordingly, Penn's sole assignment of error is overruled. The judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.