[Cite as *Sager v. Burlington of Geauga Condominium Owners Assn.*, 2022-Ohio-168.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| JOHN SAGER,<br><br>        Plaintiff-Appellant,<br><br>  - v -<br><br>BURLINGTON OF GEAUGA<br>CONDOMINIUM OWNERS<br>ASSOCIATION,<br><br>        Defendant-Appellee. | **CASE NO. 2021-G-0009**<br><br>Civil Appeal from the<br>Chardon Municipal Court<br><br><br>Trial Court No. 2020 CVI 00682 |

**O P I N I O N**

Decided: January 24, 2022
Judgment: Affirmed

*John Sager,* pro se, 209 South Oval Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Maria Placanica,* 4125 Highlander Parkway, Suite 200, Richfield, OH 44286 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, John Sager, appeals from the judgment of the Chardon Municipal Court, adopting the magistrate's decision which ruled against him in his claim for property damage and replacement costs. We affirm.

{¶2}    In the summer of 2018, appellee, Burlington of Geauga Condo Owners Association, enlisted its management company to hire a contractor to work on waterproofing the foundation of appellant's condominium. Chagrin Valley Homes ("CVH") was hired for the job and work commenced in July 2018. During the project, an

incident occurred where a water line broke and an unspecified amount of water soaked the immediate area. Appellant was not home at the time but was alerted by his neighbor that some water leaked into the residence. Appellant claimed that, during the project and as a result of the incident, his hot-water tank, heat pump, and washer and dryer were damaged. He claimed that CVH moved his heat pump improperly thereby rupturing a copper pipe causing the refrigerant to leak. He additionally asserted the other appliances were damaged as a result of the water-leak incident because it caused a buildup of clay to enter the lines. Appellant replaced each appliance and ultimately filed the underlying lawsuit, seeking $6,000 in damages.

{¶3}    At trial, appellant presented testimony and submitted four exhibits: a photo of the project area, two invoices, and a technician's note. Appellant did not call any expert(s) or appliance-repair personnel as witnesses. On cross-examination, appellant admitted he is not an appliance-repair person or technician. And, although appellant speculated that CVH and, by some apparent agency relationship, appellee were responsible for the damage to his appliances, he did not produce any evidence either entity caused the damage. Appellant testified he observed clay buildup in the water line to his washer and dryer and also observed residual clay at the bottom of his hot-water tank. He did not, however, introduce competent evidence that the clay was the cause of the damage to his appliances or that the issue necessitated replacing the same.

{¶4}    The magistrate ultimately determined that appellant failed to meet his burden of establishing, by a preponderance of the evidence, that he was entitled to judgment. The magistrate's decision included a notice that, in order to assign error on appeal, appellant must file timely objections required by Civ.R. 53(D)(3)(b). He did not

2

do so. The trial court subsequently adopted the magistrate's decision. Appellant now appeals, pro se, assigning the following error:

{¶5} "The court committed error in granting in favor of defendants-appellees Burlington of Geauga Condominium Owners Association against plaintiff John C Sager claiming there was no burden of proof damages to a heat pump located at 209 S Oval Dr, was caused by flooding from broken water main." (Sic throughout).

{¶6} Initially, appellant failed to object to the magistrate's decision, despite being placed on notice of the necessity for filing objections to preserve ordinary review. With respect to matters referred to a magistrate, Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Because appellant failed to object to the magistrate's findings and conclusions, we will consider only whether plain error occurred.

{¶7} The plain error doctrine in civil cases applies only in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, syllabus (1997). The doctrine

3

implicates errors that are "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982). There is no error in this matter, let alone plain error.

{¶8} Appellant appears to argue that the technician's note, which indicated the heat pump should be replaced due to damage it allegedly sustained during the waterproofing project, was not considered by the magistrate. Moreover, he claims the magistrate erred in concluding he lacked evidence of causation relating to damage to his appliances. We do not agree.

{¶9} The magistrate specifically stated he considered appellant's exhibits, which included the technician's note. Further, even though appellant may have sustained damage to his appliances as a result of the waterproofing project, he failed to adduce evidence, beyond his personal testimony, that the work performed by CVH caused the damage.

{¶10} Even though the matter was tried in small claims, appellant was required to establish, by a preponderance of the evidence, that appellee's acts or omissions caused damage to his appliances such that they had to be replaced. Appellant offered testimony regarding his belief that CVH's actions (or occurrences flowing from its actions) may have damaged his property. Still, this does not prove appellee is the party responsible for any damages appellant may have sustained due to CVH's actions.

{¶11} Additionally, the magistrate was not required to accept appellant's ipse dixit testimony regarding the cause of the alleged damage or appellant's testimony that the appliances required replacement due to the alleged damage purportedly ascribed to

4

CVH's, and by unestablished implication, appellee's, actions. In effect, appellant failed to meet his burden of proof that appellee, let alone CVH, was the proximate cause of the damages he allegedly sustained. Accordingly, we conclude the trial court did not err in adopting the magistrate's decision.

{¶12} Appellant's assignment of error is without merit.

{¶13} For the reasons discussed in this opinion, the judgment of the Chardon Municipal Court is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.