DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Angela Regimbal, appeals from the judgment of the Akron Municipal Court that denied her motion to vacate the judgment. We affirm.
 {¶ 2} On November 4, 2002, Appellee, Sharon Berg, filed a complaint for breach of contract against Appellant in the Akron Municipal Court. In response, Appellant moved to dismiss the complaint on the basis that venue was improper; however, the trial court dismissed Appellant's motion because she failed to appear. Subsequently, Appellee moved for a default judgment, and the trial court granted this motion. Appellant then moved to vacate the judgment and contended the trial court lacked personal jurisdiction. The trial court denied Appellant's motion. Appellant now timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR
"The municipal court erred by assuming inpersonam [sic.] jurisdiction over [Appellant] and therefore prematurely scheduled a hearing for January 7, 2003. The court also erred by granting a default judgment to [Appellee] before settling the issue of jurisdiction."
 {¶ 3} In her sole assignment of error, Appellant avers that the trial court erred when it scheduled a hearing regarding Appellant's motion to dismiss and granted Appellee's motion for default judgment because it had not resolved the issue as to whether it had in personam jurisdiction over Appellant. We disagree.
 {¶ 4} In the instant case, a review of the record reveals that Appellant never argued the trial court lacked in personam jurisdiction before scheduling the hearing or granting the motion for default judgment. Although Appellant moved to dismiss the complaint before the scheduled hearing and the decision on Appellee's motion, Appellant solely argued in this motion that the Akron Municipal Court was not the proper venue. It was not until after the trial court scheduled the hearing on Appellant's motion and granted Appellee's motion for a default judgment that Appellant moved to vacate the judgment for want of jurisdiction. At this juncture, Appellant contended, for the first time, that the trial court lacked in personam jurisdiction. Accordingly, as Appellant did not raise the issue of in personam jurisdiction in the trial court prior to the scheduled hearing or the entry of default, it was not properly before the trial court. Consequently, we need not address this issue for the first time on appeal. See Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210; Thatcher v. Goodwill Industries of Akron (1997),117 Ohio App.3d 525, 536. Appellant's sole assignment of error is overruled.
 {¶ 5} Appellant's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
BATCHELDER, J. CONCURS