JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Douglas Melton ("Melton"), appeals the decision of the Cuyahoga County Domestic Relations Court finding he committed an act of domestic violence against plaintiff-appellee, Carolyn Burke ("Burke"). For the reasons stated below, we affirm the decision of the lower court.
 I. {¶ 2} The facts that surround the instant appeal are highly disputed. On April 11, 2001, the day of the incident, Burke had visitation of her minor child until 8:30 p.m. Melton was to pick up the child at that time. The parties acknowledge that their relationship is contentious, at best.
 {¶ 3} According to Melton, he pulled up in front of Burke's mother's home to pick up the child. The child ran to the car and told Melton that he wanted to stay with Burke overnight to visit with his aunt and cousin. Melton refused because the child had school in the morning. The child ran back to the home, acting as an intermediary between the parties. From this point forward, the parties disagree.
 {¶ 4} When the child returned to the car, Melton exited, walked around the vehicle, and opened the door for the child. According to Melton, he was then struck by Burke in the shoulder. She was yelling and screaming and grabbed Melton's arm. Melton pushed her away and Burke slapped him in the face. Melton again pushed Burke away. Melton eventually placed the child in the vehicle, drove away, and called the police. He then waited in the car on the street until the police arrived.
 {¶ 5} Burke's recollection of the facts are dramatically different. Burke argues that she approached Melton's vehicle and knelt to speak with the child. Melton then punched her in the eye and proceeded to drag the child down the driveway. As the child was struggling, Burke placed her hands around his waist. Melton then grabbed Burke's neck, picked her up, and threw her against his car. At the same time, Melton had the child pinned against the vehicle.
 {¶ 6} Both parties presented physical evidence of injury. Specifically, Melton had photographs taken of bruises on his arm. Burke sought medical care at Parma General Hospital where she was treated for a swollen eye and was later diagnosed with a pinched nerve in her neck and a separated disk.
 II. {¶ 7} On April 13, 2002, Burke filed a petition for civil protection against Melton, requesting an ex parte protection order and temporary allocation of parental rights and responsibilities of the parties' minor son[1] to her. The lower court issued the civil protection order, but made no determination as to the parties' parental rights.[2] On April 23, 2001, an evidentiary hearing was held.
 {¶ 8} On July 5, 2001,[3] the lower court magistrate issued its decision finding that Melton committed domestic violence against Burke, in violation of R.C. 3113.31(A)(1)(a).[4] On July 30, 2001, Melton filed an appeal to this court, case number 80031. On December 2, 2001, Melton filed his objections to the magistrate's decision. On January 24, 2002, we dismissed Melton's appeal, sua sponte, per the granting of Burke's motion to dismiss.[5]
 {¶ 9} On February 1, 2002, Melton filed his amended objections to the lower court's decision. On October 4, 2002, the lower court overruled Melton's objections. It is from this decision of the trial court that Melton again files an appeal. He advances three assignments of error for review.
 III. {¶ 10} In his first assignment of error, Melton argues that the "lower court erred in finding the appellant had committed domestic violence since such a finding was against the manifest weight of the evidence." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 11} Manifest weight concerns whether the jury, or in this case the judge, lost its way creating a manifest miscarriage of justice. Statev. Thompkins (1987), 78 Ohio St.3d 380. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp. (Jan. 30, 1986), Cuyahoga App. No. 49407, citing C.E. Morris v. Foley ConstructionCo. (1978), 54 Ohio St.2d 29. The credibility of witnesses and the weight given to their testimony are primarily matters for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 12} In the case sub judice, the record is clear that the trial court did not lose its way by finding Melton committed domestic violence. In addition to the testimony of Burke and Melton, Cherly Swyers ("Swyers")[6] testified that she witnessed Melton's actions, even asking him to release Burke. The court found that, although Burke was the likely first aggressor during this incident, Melton's reaction was reckless and resulted in physical harm to Burke.
 {¶ 13} Although the witnesses presented on behalf of Melton testified to their knowledge of the parties' unhealthy and often disruptive behavior, none testified as to the events in question. Swyers, the only witness to the incident to testify, stated: "I turned. I seen Doug's [Melton's] hand come up, and then I must have turned away to my kids. And when I turned back around, he had his hands on Carolyn's [Burke's] throat. And I said, `Doug, let go of her.'"[7] In this case, the lower court was in the best position to weigh the testimony of each witness and assign credibility thereto. We find no manifest injustice in the trial court's resolution of conflicting evidence. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 14} Melton's argument that his actions were in self-defense are also without merit. Burke argues that Melton never raised self-defense at the proceeding and, therefore, the issue may not be raised on appeal.Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207.
 {¶ 15} Having reviewed the transcript, we find that, although not specifically addressed during the proceeding, the affirmative defense was addressed briefly during opening statements and closing arguments. Although raised as a defense, the record does not indicate that Melton had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape was the use of force. Statev. Allen (Nov. 30, 2000), Cuyahoga App. No. 76672. The lower court did not err by failing to fully address Melton's claim for self-defense.
 {¶ 16} Melton's first assignment of error is overruled.
 IV. {¶ 17} In his second assignment of error, Melton argues that the "lower court erred in finding that appellant's probation was terminated." For the reasons stated below, we find Melton's assignment of error to be without merit.
 {¶ 18} Melton argues that on the day in question Burke was still under a two-year inactive probation period.[8] At the April 23, 2001 evidentiary hearing, the lower court acknowledged that the Cleveland Municipal Court issued a temporary protection order against Burke.
 {¶ 19} Melton has failed, however, to indicate why this ruling had any effect on the court's final determination that he committed domestic violence against Burke. We find no merit to this assignment of error.
 {¶ 20} Melton's second assignment of error is overruled.
 V. {¶ 21} In his third assignment of error, Melton argues that the "judgment entry of July 5, 2001 was not a final appealable order." For the reasons stated below, this assignment of error is without merit and overruled.
 {¶ 22} In his appellate reply brief filed June 5, 2003, Melton acknowledges that the July 5, 2001 order was signed by both the magistrate and the judge. On a preprinted section of the journal entry of July 5, the court made a finding independent of the magistrate's report and also separately issued an order. Thus, the court did more than incorporate the magistrate's report. Therefore, the order issued on July 5, 2001 is a final appealable order.[9]
 {¶ 23} We find that this appeal is derived from a final appealable order. The appeal was timely filed and in compliance with the Civil Rules of Appellate Procedure.
 {¶ 24} Melton's third assignment of error is overruled.
 VI. {¶ 25} In conclusion, it is clear that the relationship between the parties was tumultuous and that each has suffered from the actions of the other. This alone, however, does not warrant Melton's use of excessive force against Burke. The lower court did not err and it had competent credible evidence on which to rely in making its decision.
 {¶ 26} Melton's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, P.J. and Diane Karpinski, J. concur.
[1] During all times relevant to this case, C.M.B. was five years old.
[2] The lower court determined that it lacked jurisdiction over the minor child due to a previous case before the juvenile court, case number J-9771517.
[3] The order was signed on June 28, 2001, but was not received for filing until July 5, 2001.
[4] R.C. 3113.31(A)(1)(a) states: "(A) As used in this section: (1) `Domestic violence' means the occurrence of one or more of the following acts against a family member or household member: (a) Attempting to cause or recklessly causing bodily injury;"
[5] Melton appealed the magistrate's decision prior to the judge's approval; therefore, the order was not final or appealable.
[6] Swyers is Burke's sister.
[7] Tr. p. 46, lns. 6-10.
[8] This was pursuant to a temporary protection order requested by Melton against Burke and ordered by the Cleveland Municipal Court.
[9] We remain confused as to why Melton, as the appellant, would initially argue against the validity of his own appeal.