[Cite as *Manchise v. Ionna*, 2013-Ohio-3612.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LOUIS MANCHISE, Individually and as the Executor of the Estate of Lynn Manchise, | : | APPEAL NO. C-120874<br>TRIAL NO. A-0907021 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| STEPHEN IONNA, M.D., | : | |
| and | : | |
| THE GREATER CINCINNATI DIGESTIVE HEALTH NETWORK, INC., | : | |
| | : | |
| Defendants-Appellees, | : | |
| and | : | |
| DANIEL LANKIN, M.D., | : | |
| QUALIFIED EMERGENCY SPECIALISTS, INC., | : | |
| | : | |
| and | : | |
| | : | |
| CATHOLIC HEALTHCARE PARTNERS, INC., d.b.a. MERCY HOSPITAL ANDERSON, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  August 23, 2013

*Cook, Portune & Logothetis, LLC, David M. Cook, Motley Rice, LLC,* and *Donald A. Migliori,* for Plaintiff-Appellant,

*Reminger Co., LPA, Rick L. Weil* and *Michael M. Mahon,* for Defendants-Appellees.

**Please note:  this case has been removed from the accelerated calendar.**

**DEWINE, Judge.**

{¶1}     After Lynn Manchise died from a bowel obstruction, her husband, Louis Manchise, instituted an action for medical malpractice against two of her treating physicians and various health care providers.  Mr. Manchise settled with most of the defendants prior to trial, and the matter proceeded to a jury trial against Dr. Stephen Ionna and his medical group.  The jury returned an award of damages, and also answered interrogatories that apportioned liability 35 percent to Dr. Ionna and 65 percent to Daniel Lankin, a doctor with whom Mr. Manchise had settled prior to trial.  Based upon the jury's apportionment, the trial court reduced the judgment against Dr. Ionna to 35 percent of the jury's total award.

{¶2}     In this appeal, Mr. Manchise argues that the trial court erred by submitting the interrogatories that allowed the jury to apportion a share of the fault to Dr. Lankin.  The interrogatories were improper, he contends, because Dr. Ionna had not expressly pled the defense of contributory fault.  We disagree. We conclude that under the facts before us, Dr. Ionna did not waive the defense and it was not error for the court to submit the interrogatories.

I.

{¶3}     Around midnight on July 23, 2008, Ms. Manchise went to the emergency room at Mercy Hospital Anderson with severe abdominal pain and distention.  Ms. Manchise was examined by Dr. Lankin, who diagnosed her with constipation without having performed any diagnostic tests.  She was treated with enemas with little result. But after five hours her pain dissipated, and Dr. Lankin discharged her with instructions to follow up with her treating physician.

{¶4} Upon her return home, Ms. Manchise tried to make an appointment with Dr. Ionna, a gastroentronologist who had treated her in the past for constipation. Dr. Ionna's office told the Manchises that he was unavailable. Instead, after a medical assistant relayed to Dr. Ionna details of Ms. Manchise's visit to the emergency room, he prescribed an electrolyte solution that is often used to clean out the bowel in preparation for colonoscopies. As directed by Dr. Ionna, Ms. Manchise drank the liquid during the afternoon.

{¶5} The following morning, Mr. Manchise found Ms. Manchise unconscious on her bedroom floor. Efforts to revive her were unsuccessful. An autopsy performed by Dr. Gretel Stephens determined that her cause of a death was a bowel obstruction. According to Dr. Stephens, crystalline fluid was found in Ms. Manchise's lungs, which indicated that she had vomited and inhaled the electrolyte solution that Dr. Ionna had prescribed.

II.

{¶6} Mr. Manchise sued Dr. Ionna and his employer, Dr. Lankin and his employer, and the hospital, alleging medical malpractice. Mr. Manchise settled with Dr. Lankin two days before the start of trial. The matter proceeded to trial against Dr. Ionna and his group.

{¶7} During the trial, Mr. Manchise presented evidence that the electrolyte solution should not be prescribed if there was a possibility of a bowel obstruction. Due to the constellation of symptoms with which Ms. Manchise presented at the emergency room and which were reported in the medical records provided to Dr. Ionna, Dr. Mitchell Cappell, a gastroentronologist, testified that Dr. Ionna had deviated from the standard of care for a gastroentronologist when he prescribed the liquid without first having ruled out a bowel obstruction.

{¶8} In his defense, Dr. Ionna presented evidence that he had properly relied on the emergency room records that diagnosed Ms. Manchise with constipation. He also offered evidence, through the cross-examination testimony of Dr. Cappell, that Dr. Lankin had fallen short of the standard of care by neglecting to order that x-rays be taken of Ms. Manchise while she was in the emergency room.

{¶9} At the conclusion of the evidence, the trial court instructed the jury and provided interrogatories inquiring about Dr. Lankin's contributory fault. The jury returned a verdict in favor of Mr. Manchise, awarding $111,523.37 in damages. The jury also found, according to the interrogatories, that Dr. Lankin was 65 percent responsible for Ms. Manchise's death, and that Dr. Ionna was 35 percent responsible. Using those percentages, the trial court entered judgment apportioning the damages so that Dr. Ionna was liable for $39,033.18 in damages. *See* R.C. 2307.22.

{¶10} Mr. Manchise filed a motion for judgment notwithstanding the verdict, additur or, in the alternative, a new trial. The basis for Mr. Manchise's motion was that the jury's finding of $111,523.37 was well below the $1,126,701 that had been testified about by his economic expert. Mr. Manchise also asserted that the jury had not understood that its damage award would be apportioned based on its answers to the interrogatories. The trial court overruled the motion, and Mr. Manchise now appeals.

III.

{¶11} In the first assignment of error, Mr. Manchise asserts that the trial court erred when it provided interrogatories to determine Dr. Lankin's share of the damages because Dr. Ionna had not pled Dr. Lankin's contributory fault prior to trial.

{¶12} We are limited to a review for plain error because Mr. Manchise failed to adequately raise at trial the issue he raises now. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121-122, 679 N.E.2d 1099 (1997). At trial, Mr. Manchise's only

objections to the interrogatories regarding Dr. Lankin were that the interrogatories were confusing, and that a superseding cause—Dr. Ionna's prescribing of the electrolyte solution—removed the effect of any negligence on Dr. Lankin's part. At no point did he argue that Dr. Ionna's failure to plead contributory fault in his answer precluded the issue from being considered by the jury. "[T]he fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). Though our review is limited to plain error, as we explain below we find no error, plain or otherwise.

{¶13} Civ.R. 8(C) requires that in "pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an * * * affirmative defense[,]" including "contributory negligence." Since the inception of Civ.R. 8, Ohio has replaced the defense of contributory negligence with the broader concept of comparative fault. *See* R.C. 2703.23   Under that provision,

> it is an affirmative defense for each party to the tort action from whom the plaintiff seeks recovery * * * that a specific percentage of the tortious conduct that proximately caused the injury * * * to person or the wrongful death is attributable to one or more persons *from whom the plaintiff does not seek recovery[.]* Any party to the tort action from whom the plaintiff seeks recovery * * * may raise an affirmative defense under this division at any time before the trial of the action.

(Emphasis added.)  R.C. 2703.23(C).

{¶14} Under the plain terms of Civ.R. 8 and R.C. 2703.23(C), Dr. Ionna was not required to plead a comparative-fault defense when he filed his answers to Mr.

Manchise's complaint and amended complaint because Dr. Lankin was a party to the action. In the words of the statute, Dr. Lankin was not "[a person] from whom the plaintiff [did] not seek recovery[.]." *See* R.C. 2307.23(C).

{¶15} It was not until two days before trial that Dr. Lankin was dismissed from the action. We find nothing in the Civil Rules to require that a defendant seek leave to file an amended answer to assert a defense of contributory fault when a co-defendant is dismissed on the eve of trial. But regardless, it is clear that the issue was tried with the consent of the parties.

{¶16} Civ.R. 15(B) provides that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The rule is consistent with the rationale behind Civ.R. 8(C)—that to prevent surprise at trial affirmative defenses must be pled. *See Chandler v. Gen. Motors Acceptance Corp.*, 68 Ohio App.2d 30, 426 N.E.2d 521 (1st Dist.1980), citing McCormac, *Ohio Civil Rules Practice*, Section 7.1, at 159 (1970). Here, there was no surprise. The issue of Dr. Lankin's negligence was presented in both parties' pretrial statements. At trial, Dr. Ionna cross-examined Dr. Cappell about Dr. Lankin's negligence. In addition to Dr. Cappell's testimony, Dr. Ionna presented the testimony of Dr. Lankin himself. Dr. Lankin stated that he had diagnosed patients with bowel obstructions "many times." He also discussed the symptoms that he looked for when determining whether a patient might have a bowel obstruction. At no time did Mr. Manchise object to Dr. Ionna presenting evidence of Dr. Lankin's negligence in treating Ms. Manchise. Nor, as noted above, did Mr. Manchise even object to the interrogatories on the basis that a jury determination of Dr. Lankin's contributory fault was improper.

{¶17} The first assignment of error is overruled.

IV.

{¶18} Mr. Manchise asserts in his second assignment of error that the trial court erred in submitting interrogatories about Dr. Lankin's contributory fault because Dr. Ionna did not present expert testimony on the issue of Dr. Lankin's negligence. But as Dr. Ionna points out, expert testimony on Dr. Lankin's negligence was presented during the cross-examination of Dr. Cappell.

{¶19} Dr. Cappell was called by Mr. Manchise as an expert in gastroentronology. He testified that he was board certified in gastroentronology and internal medicine. During cross-examination, he agreed that as a gastroentronologist, he would have expected that an emergency physician would have ordered x-rays, in light of Ms. Manchise's symptoms in the emergency room. He went on to testify that even though Dr. Lankin may not have met the standard of care, that fact did not excuse Dr. Ionna's negligence. He was later asked, "If an x-ray had been ordered during the five hours that [Ms. Manchise] was in the emergency room, would the x-rays have revealed enough for a physician to either admit or * * * consider a consult from another specialist?" Dr. Cappell answered, "Yes."

{¶20} When Mr. Manchise objected to Dr. Cappell's testimony as to the standard of care for an emergency room physician, the trial court overruled the objection, concluding that "[h]e testified as to what was relied on as far as the emergency room records, I think he's certainly competent to testify as to what an emergency room physician would do with these symptoms or signs noted."

{¶21} A witness's qualification to testify as an expert is left to the trial court's discretion. *Alexander v. Mt. Carmel Med. Ctr.*, 56 Ohio St.2d 155, 157, 383 N.E.2d 564 (1978). "[A] witness need not practice in the same specialty as that of the defendant-physician; rather, it is the scope of the witness's knowledge and not the

artificial classification by title that should govern the threshold question of his qualifications." *Id.* at 160. We conclude that the trial court did not abuse its discretion in allowing Dr. Cappell to testify about whether Dr. Lankin met the standard of care. The second assignment of error is overruled.[1] The judgment of the trial court is affirmed.

Judgment affirmed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

---

[1] During oral argument before this court, Mr. Manchise abandoned his third assignment of error, which challenged the amount of damages that was awarded for pain and suffering.