[Cite as *Gardner v. Melling*, 2017-Ohio-7809.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| MIKE GARDNER, et al., | : | |
| Plaintiffs-Appellees, | : | CASE NO. CA2017-03-003 |
| | : | O P I N I O N |
| - vs - | | 9/25/2017 |
| | : | |
| SCOTT MELLING, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM EATON MUNICIPAL COURT
Case No. 2016 CVI 00496

Mike Gardner and Randy Gardner, 2874 Niewoehner Road, Richmond, IN 47374, plaintiffs-appellees, pro se

Scott Melling, 8875 Crawfordsville-Campbellstown Road, New Paris, Ohio 45347, defendant-appellant, pro se

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Scott Melling, appeals from the decision of the Eaton Municipal Court, Small Claims Division, which granted judgment in favor of plaintiffs-appellees, Mike and Randy Gardner. For the reasons discussed below we affirm the decision of the trial court.

{¶ 2} Melling hired the Gardners to perform interior and exterior home improvements.

The Gardners renovated Melling's kitchen, which involved removing the existing cabinets and then installing new cabinets, a sink, countertops, and a backsplash. The Gardners also applied a sealant to an exterior ramp and stairs. Melling purchased the materials and the Gardners supplied the labor. Melling refused to pay the Gardners because he was unsatisfied with their work.

{¶ 3} The Gardners sued Melling in small claims court for $1,200, which they alleged was the price Melling agreed to pay for their labor. Melling counterclaimed, alleging that the Gardners failed to exercise reasonable care in their work and failed to complete the work pursuant to their agreement. Melling asked for $6,000 in damages, which included costs to complete the project, for repairs, cleaning costs, and loss of use of his property.

{¶ 4} The parties tried their case before a magistrate. The Gardners testified about the work they performed and submitted photographs depicting the renovated kitchen and the sealed exterior ramp and stairs. Melling admitted that the Gardners' work "looked okay" in the photographs. However, during his case, Melling argued that the Gardners deficiently performed nearly every aspect of the kitchen renovation, including failing to properly install the cabinets, kitchen sink, countertops, and backsplash. Melling further testified that the Gardners damaged a kitchen table, splattered sealant while performing the exterior work, and left the home in an untidy state. Melling submitted numerous photographs depicting some of these alleged issues. At the trial's conclusion, the magistrate traveled to Melling's home to view the work.

{¶ 5} The magistrate issued a decision finding that the Gardners performed their work in a reasonably prudent manner given the age and condition of the house. The magistrate further concluded that Melling's complaints about the Gardners' work were insignificant. The magistrate recommended ordering judgment in favor of the Gardners and against Melling for $1,200.

{¶ 6} Melling moved the trial court for additional time to object to the magistrate's decision. The court extended Melling's time to object to January 17, 2017. On January 18, 2017, at 12:09 a.m., Melling fax-filed his objections to the magistrate's decision.

{¶ 7} In its decision, the trial court noted that Melling failed to timely file his objections and therefore the court would not consider the objections. The court then announced that it reviewed the magistrate's decision and found the magistrate properly determined the facts and applied the law. Accordingly, the court adopted the magistrate's decision in its entirety. Melling then appealed.

{¶ 8} Melling failed to set forth any assignments of error in his appellate brief as required by App.R. 16(A)(3). Nonetheless, this court construes Melling's argument on appeal as a challenge to the manifest weight of the evidence supporting the trial court's decision.

{¶ 9} As noted, Melling failed to object to the magistrate's decision in the time limits set forth in Civ.R. 53(D)(3)(b)(i), and as extended by the trial court.[1] Civ.R. 53(D)(3)(b)(iv) provides: "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Accordingly, Melling is limited to demonstrating plain error.

{¶ 10} The plain error doctrine in civil cases applies only in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v.*

---

1. Proceedings in small claims court are generally subject to the Ohio Rules of Civil Procedure, except where R.C. Chapter 1925 sets forth inconsistent procedures. R.C. 1925.16; *Faber v. Crowell*, 12th Dist. Preble No. CA99-07-015, 2000 Ohio App. LEXIS 485, *4-6.

*Davidson*, 79 Ohio St.3d 116, syllabus (1997). The doctrine implicates errors that are "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982). There is no error here, plain or otherwise. The Gardners' testimony and photographs constituted some competent and credible evidence that supported the trial court's findings that the Gardners performed their work in a reasonably prudent manner and that Melling's complaints were insignificant. In addition, the magistrate personally viewed the Gardners' work at Melling's home. Finally, there was some indication in the record that some of Melling's photographs depicted conditions that the Gardners remedied. This is not one of those extremely rare cases where the outcome causes this court to question the proceedings. This court overrules Melling's assignment or error.

Judgment affirmed.

PIPER and M. POWELL, JJ., concur.