[Cite as *Goff v. Hobbs*, 2023-Ohio-3931.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

PHILIP GOFF

    Appellant

    v.

JOANNE S. HOBBS

    Appellee

C.A. No.     21CA0086-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    20 PA 0069

DECISION AND JOURNAL ENTRY

Dated: October 30, 2023

HENSAL, Presiding Judge.

{¶1}    Phillip Goff appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court affirms.

I.

{¶2}    The parties are the parents of a minor child. In 2020, Father filed a complaint for parental rights and responsibilities after Mother told him that she was intending to move to another state with the child. During the course of the proceedings, the trial court appointed a guardian ad litem and an attorney for the child, and a magistrate conducted an in camera interview with the child. Following a hearing before the magistrate, the magistrate determined that Mother should be the child's sole residential parent and legal custodian and ordered Father to pay child support. The trial court entered a judgment entry that adopted the magistrate's decision the same day. Father attempted to file an objection to the magistrate's decision, but the trial court determined that it was not timely. Father has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR UNDER R.C. 2151.281(D) BY NOT REQUIRING THE GAL TO FAITHFULLY DISCHARGE HER DUTIES AND IN NOT DISCHARGING THE GAL AND APPOINTING A NEW GAL FOR FAILURE TO FAITHFULLY DISCHARGE GAL DUTIES, AS WELL AS IN ADMITTING THE GAL'S REPORT AND TESTIMONY.

{¶3} In his first assignment of error, Father argues that the trial court should have removed the guardian ad litem and should not have considered her report. He acknowledges that, because he did not move to remove the guardian ad litem or object to her testimony, this Court's review must be for plain error. *See Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982) (explaining that plain error can apply in a civil case).

{¶4} The appellate record does not contain a transcript of the final hearing before the magistrate. Accordingly, this Court is unable to review the merits of Father's arguments. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."). Father's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DENIAL OF THE CHILD'S ATTORNEY ATTENDANCE AT IN CAMERA INTERVIEW WAS AN ABUSE OF DISCRETION.

{¶5} In his second assignment of error, Father argues that the trial court should have allowed the child's attorney to be present during the in camera interview. According to Father, it

is impossible to determine how comfortable the child felt to speak honestly during the interview without the attorney present.

{¶6} Under Revised Code Section 3109.04(B)(2)(c), "the child's attorney" is "permitted to be present in the chambers" during an in camera interview. The Eleventh District Court of Appeals has noted, however, that counsel for the minor child is the proper party to raise this issue, not the parents. *Moline v. Moline*, 11th Dist. Ashtabula No. 2009-A-0013, 2010-Ohio-1799, ¶ 45. In addition, Father did not object below to the denial of the child's attorney's motion to be present during the in camera interview. *See id*. at ¶ 46. While Father has not forfeited review for plain error, he has not argued plain error in this assignment of error, and this Court will not sua sponte undertake a plain error analysis. *See Dorsey v. Henry*, 9th Dist. Summit No. 29936, 2022-Ohio-2023, ¶ 22. Furthermore, without a transcript of the hearing, Father is unable to demonstrate that the alleged error affected his substantial rights. Civ.R. 61. Father's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> IS THE FINAL DECISION OF THE COURT AN ABUSE OF DISCRETION WITHOUT THE COMPETENT INVESTIGATION OF A GUARDIAN AD LITEM?

{¶7} In his third assignment of error, Father argues that the trial court's judgment entry should be reversed because it relied on the report and recommendation of the guardian ad litem, which should not have been deemed credible because the guardian ad litem did not adequately perform her duties. In this case, the trial court adopted the decision of the magistrate. Under Civil Rule 53(D)(3)(b)(iv), "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Father did not file a timely objection to the magistrate's decision.

Although he may still allege plain error, Father has not argued plain error in his brief, and this Court declines to develop such an argument for him. *Id*.; *Dorsey* at ¶ 22. Father's third assignment of error is overruled.

### III.

**{¶8}** Father's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

REBECCA A. CLARK, Attorney at Law, for Appellant.

ANDREW L. BURDELL-WARE, Attorney at Law, for Appellee.